# F. BIMEL COMPANY *v.* HARTER.

[No. 7,566. Filed May 8, 1912. Rehearing denied October 17, 1912.]

1. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Allegations.—Sufficiency.—Relation of Master and Servant.*—The averments of a complaint against a master for personal injuries to a servant, that defendant was "engaged in the operation of a manufacturing plant" and that "plaintiff was engaged as a workman in and about said plant, and was then and there doing a work and exercising a skill in the running of a machine then and there situate", are sufficient, when considered with the other material allegations, to show that the relation of master and servant existed between the parties at the time of the injury. p. 272.

2. MASTER AND SERVANT.—*Injury to Servant.—Unguarded Machine.—Duty of Master.—Complaint.—Sufficiency.*—In an action by a servant against the master for injuries caused by coming in contact with an unguarded set-screw in defendant's factory, the averments of the complaint showing the relation of master and servant, that defendant was the sole operator of the factory in which was located the countershaft about which plaintiff was required to work, and that a certain set-screw was attached to such countershaft which defendant permitted to remain unguarded, and that it was practicable to guard it without impairing its use, show a legal duty owing from defendant to guard such set-screw, under §8029 Burns 1908, Acts 1899 p. 231. p. 273.

3. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Allegations.—Scope of Employment.*—A complaint in an action against

the master for injury to the servant, alleging that plaintiff was engaged as a workman doing a work and exercising a skill in the running of a certain machine which was driven by a belt connected with a pulley attached to an overhead countershaft, that it was part of plaintiff's work to put such belt in order and keep it properly adjusted, and that in adjusting such belt plaintiff mounted a scaffold for the purpose of placing the belt over the countershaft, and that, while stooping to receive the belt from a fellow workman, he came in contact with an unguarded set-screw which caused the injuries, is not open to the objection that it fails to show that plaintiff was acting within the line of his duty.   p. 274.

4. MASTER AND SERVANT.—*Injury to Servant.—Unguarded Machine.—Complaint.—Notice.*—In a servant's action for personal injuries, an allegation in the complaint that the department of inspection of the State had ordered defendant to cover or guard the set-screw which caused the injury, was proper as showing notice to defendant of its unguarded condition, although such notice is not necessary.   p. 274.

5. NEGLIGENCE. — *Contributory Negligence. — Complaint. — Allegations.*—Specific averments, in a complaint for personal injuries, showing that plaintiff was not free from fault, will overcome a general allegation that he was without fault.   p. 274.

6. MASTER AND SERVANT.—*Injury to Servant.—Contributory Negligence.—Complaint.—Sufficiency.*—In a servant's action for personal injuries, where the specific averments of the complaint do not set forth facts necessarily in conflict with the general allegation of freedom from fault, the plaintiff's freedom from contributory negligence is sufficiently shown as a matter of pleading. p. 274.

7. MASTER AND SERVANT.—*Injury to Servant.—Evidence.—Sufficiency to Show That Servant Was Acting in Line of Duty.*—Evidence showing that an employe was employed to operate a resaw, the power to run which was conveyed by means of a belt connected to a pulley on an overhead countershaft, that the belt had become stretched and too loose to run the machine, that plaintiff removed it and shortened it, climbed upon a scaffold to put it on the countershaft, and, while stooping to receive it from a fellow workman, came in contact with a set-screw on another countershaft and was injured, was sufficient to warrant the jury in finding that plaintiff was at the time engaged at a work required of him in the operation of the resaw.   p. 275.

8. MASTER AND SERVANT.—*Dangerous Machinery.—Duty to Guard. —Statutes.*—Under §8029 Burns 1908, Acts 1899 p. 231, requiring the guarding of set-screws in factories, it is the duty of the employer to guard all set-screws, wherever located, if the employes are required to go about them.   p. 276.

F. Bimel Co. *v.* Harter—51 Ind. App. 267.

9. MASTER AND SERVANT.—*Injury to Servant.—Unguarded Machine.
—Assumption of Risk.—Contributory Negligence.*—In actions for
personal injuries caused by the employer's failure to guard dan-
gerous machinery as required by §8029 Burns 1908, Acts 1899 p.
231, there is no assumption of risk, but the law of contributory
negligence applies.   p. 276.

10. NEGLIGENCE.—*Contributory Negligence.—Burden of Proof.*—In
negligence cases the burden is on defendant to prove contributory
negligence.   p. 276.

11. MASTER AND SERVANT.—*Injury to Servant.—Contributory Neg-
ligence.*—Where an employe, having knowledge that there is a
safe way and also a dangerous way to do the work he is en-
gaged to perform, voluntarily adopts the dangerous way, without
direction from his employer, and is injured thereby, he cannot
recover, although it is shown that the employer was also negli-
gent.   p. 277.

12. MASTER AND SERVANT.—*Injury to Servant.—Contributory Neg-
ligence.—Answers to Interrogatories.*—In an action for injuries
to an employe by coming in contact with an unguarded set-screw
while he was on a scaffold for the purpose of replacing a belt on
an overhead countershaft, where the answers to interrogatories
showed that plaintiff was familiar with the condition of the
scaffold and knew of the set-screw on a rapidly revolving counter-
shaft near to the one on which he desired to place the belt, that
he could have replaced the belt by climbing on the west board of
the scaffold, and that it would have been safer to have mounted
on the west board than on the east board, that there were ladders
that he could have used, but that there was no evidence that he
knew of such ladders or that it would have been safer to use
them, and it further appeared from such answers that the injury
was not received until after he had mounted in safety to the
platform, contributory negligence as a matter of law is not shown
and the answers are not in conflict with a general verdict for
plaintiff.   p. 277.

13. APPEAL.—*Review.—Refusal of Instructions.—Presumptions.*—
Where the attention of the court on appeal is not called to any
evidence to which a requested instruction was applicable, it will
be presumed that such instruction was irrelevant and properly
refused.   p. 279.

14. APPEAL. — *Review. — Refusal of Instructions.* — Where a re-
quested instruction was covered by an instruction given by the
court on its own motion, its refusal was proper.   p. 279.

15. MASTER AND SERVANT.—*Injury to Servant.—Unguarded Ma-
chine.—Evidence.—Admissibility.*—In an action by an employe for
injuries in coming in contact with an unguarded set-screw, the
admission of evidence showing that notice of the defective condi-
tion of the set-screw was served on the employer by the State

Factory Inspector, was proper and could not have harmed defendant, since it was his duty to guard all set-screws regardless of notice. p. 279.

16.  EVIDENCE.—*Admissibility.*—*Clothing Worn by Injured Person.* —In an action by an employe for personal injuries caused by his clothing coming in contact with a set-screw, the clothing worn at the time of the injury constituted real evidence and was properly shown to the jury for their consideration. p. 280.

17.  EVIDENCE.—*Admissibility.*—*Similar Facts.*—*Custom.*—*Previous Use of Scaffold.*—In an action by an employe for injuries caused by coming in contact with a set-screw, while standing on a scaffold for the purpose of replacing a belt on a countershaft, evidence that the scaffold had previously been used for similar purposes was proper to show custom, and knowledge on the part of defendant that workmen in the course of their labor were going about the set-screw. p. 280.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Action by Frank Harter against the F. Bimel Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Smith & Moran* and *Silverburg, Bracken & Gray,* for appellant.

*Frank H. Snyder* and *Whitney E. Smith,* for appellee.

IBACH, P. J.—This was an action by appellee against appellant to recover damages for personal injuries. The amended complaint was in a single paragraph, and was held sufficient by the trial court on demurrer. Appellee's answer was a general denial. There was a jury trial, resulting in a verdict and judgment for appellee. The assignment of errors presents to this court the action of the trial court in overruling the demurrer to the amended complaint, and in overruling the motions for judgment on the answers to interrogatories, for a new trial, and in arrest of judgment. The grounds for the motion for a new trial are that the verdict is not sustained by sufficient evidence, and is contrary to law.

The amended complaint is founded on the failure of appellant to guard or countersink a certain set-screw, as is

enjoined by §9 of the factory act of 1899 (Acts 1899 p. 231, §8029 Burns 1908). It avers, in substance, that defendant is a corporation engaged in the operation of a manufacturing plant at the city of Portland, Indiana, for the manufacture of spokes, hubs, and handles; that plaintiff was engaged as a workman in and about said manufacturing plant, and was then and there doing a work and exercising a skill in the running of a machine then and there situate, known as a "resaw"; that an overhead countershaft in said factory supplied the power to. said resaw, and about six feet east of such countershaft there was another overhead countershaft, which supplied power to another machine, called a "slabber"; that this countershaft was supported by hangers, and was kept from moving lengthwise by collars thereon, one of which was made fast by a set-screw, the head of which projected out from the collar one and one-half inches; that the belt by which the resaw was driven ran on a pulley on the countershaft, to the west of the countershaft from which the set-screw projected; that for the purpose, among others, of adjusting the belt to the aforesaid pulley, a scaffold was suspended about three feet below the shaft operating the resaw; that among the things to be done by the plaintiff in his said work, was that of putting in order said belt, and keeping the same adjusted for said use; that said belt became slack and loose, and, as a necessary part of his work, plaintiff cut the belt, shortened and relaced it, whereupon it became necessary to, and the plaintiff did, mount the scaffold for the purpose of placing it over the overhead countershaft; that the slabber countershaft from which the set-screw projected was in motion, and the set-screw was revolving rapidly, that after he had mounted on the scaffold, it became necessary to, and the plaintiff did, lean forward and stoop downward to receive the belt, which was being handed to him by a fellow workman; that he rose with the belt from said stooping position and in so doing came in contact with the set-screw, his clothing was caught thereon, and

he was carried rapidly around the shaft, and was severely and permanently injured; that his injuries were sustained wholly without fault on his part, but were received through the fault, carelessness and negligence of defendant in permitting the set-screw to be uncovered and unguarded; that the chief inspector of the department of inspection of the State of Indiana had before that time directed defendant to cover and countersink said set-screw; that it was the duty of defendant properly to guard said set-screw for the safety of plaintiff as a workman for said manufacturing plant, but defendant failed to guard the same, and suffered the set-screw to be and remain unguarded and uncovered; that it was practicable to countersink or cover it without impairing its usefulness, or the usefulness of the manufacturing plant.

Appellant first urges against the sufficiency of the complaint, that it does not state facts showing that the relation of master and servant existed between the parties at the time appellee was injured. It is averred that defendant was "engaged in the operation of a manufacturing plant," and that the "plaintiff was engaged as a workman in and about said plant, and was then and there doing a work and exercising a skill in the running of a machine then and there situate." As shown by the pleadings, defendant was the operator of this manufacturing plant; no other person was interested therein; the person engaged to operate the machine described was plaintiff, and the machine was in defendant's factory. These are averments of facts, and, when considered with the other material allegations, we are forced to the conclusion that they are sufficient to show that the relation of master and servant existed between the parties at the time plaintiff was injured. *Holcomb* v. *Norman* (1911), 47 Ind. App. 87, 91 N. E. 626; *Hay* v. *Bash* (1906), 37 Ind. App. 167, 76 N. E. 744; I. F. *Force Handle Co.* v. *Hisey* (1913), 52 Ind. App. —, 96 N. E. 643.

It is next claimed that the facts alleged do not show the existence of any duty toward plaintiff, that such duty must be made to appear from the direct and positive aver-

2. ments, and not from inferences, and that the allegation that it was the duty of the defendant to guard the set-screw is the statement of a mere conclusion, and not a fact. We have no dispute with appellant on the legal proposition contained in this statement, but we fail to see where this well-established rule has been violated in the case at bar. We have held that the averments of the complaint show the relation of employer and employe. They show that appellant was the sole operator of the factory in which was located the countershaft about which appellee was required to work, and attached to this countershaft was a certain set-screw, which under the statute was one of the kinds of machinery which it was the imperative duty of appellant to guard. It appears that appellant had permitted this particular set-screw to remain unguarded and uncovered, and that it was practicable to "countersink or cover it without impairing its use, and without interfering with the usefulness of appellant's manufacturing plant." These facts, together with the remaining averments of the complaint, show a legal duty owing from appellant to appellee under §8029, *supra*. A breach of this statutory duty is the negligence complained of, and this duty arose at once when the relation of master and servant was formed between the parties. The complaint contains sufficient averments of facts to made it good against this objection. *King* v. *Inland Steel Co.* (1912), 177 Ind. 201, 96 N. E. 337, 97 N. E. 529; *American Car, etc., Co.* v. *Vance* (1912), 177 Ind. 78, 97 N. E. 327; *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 88 N. E. 69; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 71 N. E. 218, 71 N. E. 660.

The further objection that the complaint does not show that appellee was acting within the line of his duty is not well

taken. From the allegations of the complaint the clear conclusion is that in doing the things which he is alleged to have been doing just prior to and at the time of his injury, he was acting within the scope of his employment.

We do not consider that the allegation that the department of inspection for the State of Indiana had ordered appellant to cover or guard the set-screw in question is at all controlling, and, so far as it affects the sufficiency of the complaint, it may be treated as an averment showing notice to appellant of the unguarded condition of the offending set-screw, and for this purpose it is proper, although such notice is not necessary.

Appellant also insists that the complaint shows that appellee was guilty of contributory negligence in going on the scaffold to a revolving countershaft eleven feet above the floor without any order or requirement on the part of appellant. We find it averred that plaintiff was without fault, but regardless of this, if the specific averments showed that he was not free from fault, this general averment would be overcome by the specific ones. *Pittsburgh, etc., R. Co.* v. *Martin* (1901), 157 Ind. 216, 61 N. E. 229; *Wolfe* v. *Peirce* (1900), 24 Ind. App. 680, 57 N. E. 555. We do not think that the inference would naturally follow from the facts pleaded that appellee unnecessarily mounted the scaffold, and that he was guilty of contributory negligence in so doing. The averments show directly that he went on the scaffold to do what his contract of employment required him to do. It is shown that the belt which he was repairing and readjusting was an essential connection with the resaw. When it was out of repair, the resaw was useless, and for this reason the act of adjusting the belt became a part of his duty. The general averment that plaintiff was without fault controls, unless it clearly appears from the specific averments that he was guilty of contributory negligence, and as the specific averments do

not set forth facts necessarily in conflict with the general allegation of freedom from fault, the plaintiff's freedom from contributory negligence is sufficiently shown as a matter of pleading.

Under the proposition that the verdict is contrary to law and is not sustained by sufficient evidence, appellant contends, (1) that there is no evidence to show that appellee was acting within the scope of his employment or within the line of his duty when he mounted the scaffold; (2) that the set-screw was properly guarded; (3) that the evidence discloses that appellee was guilty of contributory negligence in mounting a scaffold seven and a half or eight feet above the floor, under the revolving slabber countershaft, in attempting to place the belt over the resaw countershaft six feet distant from the revolving countershaft, without any direction on the part of appellant, and at a time when appellee knew that the resaw countershaft was not in motion, but knew that the slabber countershaft with the set-screw attached was revolving rapidly, and that he was guilty of contributory negligence in selecting a dangerous way to do the work, when a safer way was open to him.

Examination of the evidence shows the following facts proven: Appellee was engaged to operate a resaw in appellant's factory, the power to run which was conveyed by means of a belt and pulley from a countershaft about eleven feet above the floor. A parallel countershaft was suspended about six feet to the east of the resaw countershaft, and about three feet below these countershafts was constructed a scaffold, made of three boards, each about eight inches wide, with intervals between them, and between the east board and the center board the belt moved which operated the resaw. The belt, by use, had become stretched and too loose to run the resaw. Appellee removed it, shortened and relaced it, climbed on the scaffold to put it on the countershaft, and was stooping to receive it from the workman handing it to him from below when his

clothing came in contact with the set-screw. We might continue with the discussion of the facts disclosed by the evidence in this regard, but we are of the opinion, from the digest here set forth, that the jury was warranted in finding that appellee was at the time of his injury engaged at a work required of him in the operation of the resaw, that is, engaged with its connection with the motive power, so that the power could be communicated to the resaw, and he be enabled thereby to operate the same. The fact that the set-screw was in a position eleven feet above the factory floor, if it further appeared from the evidence that the laborers were not required to go about it, would certainly make the guarding of the same unnecessary. The evident intention of the legislature in passing the factory act was to protect, so far as it may reasonably be done, all laborers in factories using dangerous machinery about which the laborers are required to go in doing the work required of them. All set-screws, wherever located in appellant's factory, would come under the requirements of the act, if the workmen were required to go about them. By reason of that act the only necessary requisite for guarding it was that some laborer was required to go about it in doing his work. This fact alone constituted it a source of danger, and it should have been guarded under our laws. *Green* v. *American Car, etc., Co.* (1904), 163 Ind. 135, 71 N. E. 268; *United States Cement Co.* v. *Cooper, supra.*

It has been held repeatedly that in cases such as this the doctrine of assumption of risk does not apply, but the law of contributory negligence does apply. The burden was on appellant to show that appellee was guilty of contributory negligence, and it seems to us, from the evidence, that the jury was fully justified in finding that appellee was not guilty of such negligence as contributed to his injury. *"It is a statement of a rule to which obviously there can be no exception, that the negligence or misconduct of the plaintiff or of the person*

*killed or injured, in order to bar a recovery of damages, must have sustained such a relation to the accident that, but for such negligence, the accident would not have happened."* (Our italics.) 1 Thompson, Negligence §221.

If it could be said to appear from the answers to the interrogatories that while appellee knew there was a safe way to do the work at which he was engaged when injured, and also fully knew and understood that there was a dangerous way to perform the same work, and without direction from appellant, but on his own volition he accepted the dangerous way, and because he used this dangerous way he was brought into contact with the offending set-screw and was injured, there could be no recovery, although it should appear that appellant himself was negligent, and it would be the duty of the court to say as a matter of law that his own conduct was such negligence that but for it the accident would not have happened. *Wabash Paper Co. v. Webb* (1896), 146 Ind. 303, 45 N. E. 474; *Consolidated Stone Co. v. Redmon* (1899), 23 Ind. App. 319, 55 N. E. 454; *American Car, etc., Co. v. Vance, supra.*

Appellant insists that the answers to interrogatories show that appellee could have replaced the belt in safety, either by climbing upon the west board of the platform under the shaft not in motion to which no set-screw was attached, or by using a ladder to do the work, but that instead he selected a dangerous way. Among the facts found, in answer to interrogatories, bearing on this point, are the following: Plaintiff was familiar with the conditions of the scaffold, countershafts and set-screw, knew the slabber countershaft was revolving at great speed, and that the set-screw was located on it, and there were no conditions of danger about the countershaft and set-screw of which he was ignorant prior to the time of his injury. He could have thrown the belt over the countershaft which supplied power for the resaw, by climbing upon the west board or boards of the scaffold, and it would have been

safer for him to have mounted upon the west board than upon the east board or boards. There were ladders which he could have used, but there was no evidence that he knew of such ladders, and no evidence that it would have been safer to use such ladders than to mount upon the scaffold. There was no evidence that he could have mounted upon the west board or boards without coming in contact with the set-screw by which he was injured, likewise no evidence that if he had climbed upon the west board it would have been possible for his clothing to have come into contact with the set-screw (so that these findings neutralize each other). *There was no evidence that he mounted on the east side. The injury complained of was not caused by plaintiff's mounting upon the east board or boards. After* he had mounted upon the scaffold, he was standing with one foot on the east board and one foot on the middle board, was stooping in order to receive the belt, which was being passed up to him, and as he rose from the stooping position his clothing came in contact with the set-screw. From these findings it appears that the manner of his mounting did not cause his injury, and that he mounted in safety to the platform. It does not appear that he could have mounted in a safer manner, nor that he mounted on the east side, nor that if he had mounted on the west side he could have received the belt in any safer manner than if he had mounted on the east side. It does not appear from the findings nor the evidence that he could have replaced the belt from the scaffold without placing his foot upon the east board, or that he could have done the work in any different position or different manner after mounting the scaffold. We do not find the answers to the interrogatories in conflict with the general verdict, and we find sufficient evidence from which it can be said that reasonable men might differ as to whether appellee's conduct was such as to constitute contributory negligence, so that the question of his contributory negligence is a question of fact, not of law, and the jury having

found by its general verdict that he was not guilty of contributory negligence, that verdict will not be set aside.

Error has been assigned in the giving of certain instructions and the refusing of others. Having carefully considered all the instructions given, in their application to the evidence, we believe that when the instructions are taken as a whole they fairly presented the law of the case, and did not mislead the jury in any way prejudicial to appellant.

As to instruction seven, requested by appellant and refused, our attention is not directed to any evidence which would make the same applicable. It will be presumed, therefore, that the instruction was irrelevant and properly refused. Instruction eleven, so far as proper, was covered by instruction two, given by the court of its own motion, and was rightly refused. The notice served by the chief inspector on appellant was such as was included in his general powers to inform appellant of the fact that the set-screw in suit was unguarded, and by instruction two the jury was told that it could only consider this notice and the evidence of the inspection as showing notice to appellant of the unguarded condition of the set-screw, and for no other purpose, and that the chief inspector and his deputies do not have the power to require any machinery or piece of machinery to be guarded other than those specifically designated by statute.

It is also insisted that the court erred in admitting certain evidence. The notice served by the factory inspector was proper, although unnecessary, as tending to show notice on the part of appellant of the defective condition of the set-screw, and this was the only purpose for which it was permitted to go to the jury. It was proper for witness John Fitzgibbon to testify to being the deputy factory inspector, that he had inspected the factory, and had notified appellant of the unguarded condition of set-screws therein. This evidence also went to show notice to the owner. Besides, this evidence could not be held harmful

to appellant because it is not denied that the set-screw was unguarded when appellee was injured. It was in fact immaterial whether appellant had notice of the unguarded condition, since it was his absolute duty to guard all set-screws about which workmen were required to go.

There was no error in allowing the clothing worn by appellant at the time of the injury to be shown to the jury. It formed a part of the accident itself, and the jury 16. was entitled to consider the condition of the clothing, as real evidence in connection with all the other acts and circumstances in the case.

The evidence of appellee and of witness Harshman, that the scaffold was used for changing belts on the countershafts and similar purposes, was proper as tending 17. to show custom, and knowledge thereof on the part of appellant, since such knowledge would be notice to appellant that workmen in the course of their labor were going about this set-screw.

No reversible error having been shown, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 360. See, also, under (1, 3) 26 Cyc. 1384; (2) 26 Cyc. 1389; (4) 26 Cyc. 1390; (6) 26 Cyc. 1399; (7) 26 Cyc. 1441; (8) 26 Cyc. 1134; (9) 26 Cyc. 1180, 1230; (10) 29 Cyc. 601; (11) 26 Cyc. 1257; (12) 26 Cyc. 1482, 1513; (13) 3 Cyc. 303; (14) 38 Cyc. 1711; (15) 26 Cyc. 1422; (16) 17 Cyc. 292; (17) 26 Cyc. 1430. As to what complaint must show in an action for injuries caused, as alleged, by defendant's negligence, see note to *Mt. Vernon* v. *Dusouchet* (Ind.), 54 Am. Dec. 470. As to the sufficiency of notice by the servant to the master of the dangerous condition of the machine, etc., see 109 Am. St. 437. As to contributory negligence as a defence by a master who has violated a statute looking to the keeping of the machinery safe for the servant, see 87 Am. St. 586. Injury to servant from projecting screws in moving machinery, see 48 L. R. A. 96.