## The Joseph E. Lay Company v. Mendenhall.

[No. 8,080.   Filed October 28, 1913.]

1. APPEAL.—*Briefs.—Sufficiency.*—Although appellant's brief is not in commendable form, the questions presented and discussed will be considered, if there has been a good faith effort to comply with the rules in the preparation of such brief.   p. 344.

2. PLEADING.—*Complaint.—Sufficiency After Verdict.*—A complaint attacked after verdict will be held sufficient if it does not wholly omit some essential averment, and states facts sufficient to bar another action for the same cause.   p. 344.

3. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency After Verdict.*—A complaint in a servant's action for personal injuries alleging plaintiff's employment in a manufacturing establishment, that it was part of his duty to operate a planer and keep the same in running order, that while so employed, and while in the line of his duty, he reached across such planer to ascertain the condition of a journal and that while so doing his hand was drawn by the suction of the knives against such knives and injured without any fault on his part, that such injuries were caused by defendant's negligence in leaving such planer and the knives thereof unguarded, and in failing to provide plaintiff with a safe place in which to work, and that it was practical to guard said planer without interfering with the practical use thereof, is sufficient as against attack made for the first time on appeal, since it cannot be said as a matter of law that its averments disclose contributory negligence on the part of plaintiff.   p. 344.

4. TRIAL.—*Verdict.—Answers to Interrogatories.*—The general verdict finds every provable fact under the issues, and will stand as against the jury's answers to interrogatories, unless the latter are in irreconcilable conflict therewith.   p. 346.

5. MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Machinery.—Verdict.—Answers to Interrogatories.*—In a servant's action for personal injuries alleged to have been caused by defendant's negligence in failing to guard the machine operated by plaintiff, a general verdict for plaintiff includes a finding that such machine was not properly guarded as required by statute, so that answers to interrogatories showing that there was some kind of a guard, but that it was not a proper guard, is in corroboration of, rather than in conflict with, the general verdict.   p. 346.

6. MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Machinery.—Contributory Negligence.—Verdict.—Answers to Interrogatories.*—Answers to interrogatories, in a servant's action for

injuries sustained by coming in contact with the unguarded knives of a planer, showing that the injury was received while the plaintiff was reaching across the planer to investigate a hot box or journal, that he knew the danger incident to the examination and understood the danger of operating the machine, and that he knew that the knives of the planer were in motion and made no effort to throw such planer out of gear or to stop the knives, are not sufficient to overcome the general verdict, as showing contributory negligence, since it does not conclusively appear therefrom that plaintiff was not in the exercise of ordinary care.   p. 346.

7.  APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—An instruction, though not well worded, is not cause for reversal, if taken as a whole it is not open to the objection urged against it, and especially where other instructions given fully cover the alleged defect.   p. 347.

8.  MASTER AND SERVANT.—*Injuries to Servant.*—*Instructions.*— *Damages.*—An instruction on the question of damages, in a servant's action for personal injuries, which, when considered as a whole, limited the recovery to just and reasonable compensation for the injury, including such future pain and suffering as may reasonably be presumed from the evidence to have resulted from such injury, was not erroneous, although it stated that the jury could assess damages for plaintiff's suffering "which may be endured in the future from his injuries."   p. 347.

9.  TRIAL.—*Instructions.*—*Construction.*—No particular form of expression is required in an instruction, but to test its correctness it must be read and considered in its entirety, and such meaning must be ascribed to it as is reasonably apparent from all the language employed.   p. 347.

10.  APPEAL.—*Review.*—*Harmless Error.*—*Refusal of Instructions.* —Refusal of requested instructions is not ground for reversal where they were fully covered by the instructions given.   p. 348.

11.  APPEAL.—*Review.*—*Verdict.*—*Excessive Damages.* — A verdict will not be set aside on the ground that the damages awarded are excessive, where the amount is not such as to induce the court to believe that the jury acted from prejudice, partiality or corruption.   p. 348.

12.  APPEAL.—*Review.*—*Presumptions.*—On appeal, if error is not shown, it is presumed in favor of the lower court that none was committed.   p. 348.

From Randolph Circuit Court; *James S. Engle,* Judge.

Action by James F. Mendenhall against The Joseph E. Lay Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*J. W. Newton,* for appellant.

*F. H. Snyder* and *W. E. Smith,* for appellee.

FELT, J.—This is a suit for damages for personal injuries brought by the appellee against the appellant. The complaint was in one paragraph and was answered by general denial. The appellant assigns as error that: (1) the complaint does not state facts sufficient to constitute a cause of action; (2) error in overruling the motion for judgment on the answers to the interrogatories notwithstanding the general verdict; (3) overruling appellant's motion for a new trial.

Appellee contends that appellant has not complied with the rules of this court in the preparation of its briefs. While the briefs are not in commendable form, they evidence a good faith effort to comply with the rules and we shall therefore consider such questions as have been presented and discussed in the briefs.

The complaint is attacked after verdict and will be held sufficient if it does not wholly omit some essential averments, and states facts sufficient to bar another suit for the same cause of action. The complaint alleges in substance that appellee was employed by appellant in a manufacturing establishment and a part of his duties were to operate a planer and to oversee and attend to the operation thereof and keep the machine in running order; that on June 10, 1910, while so employed, and while said machine was being operated by an assistant, he was informed by such helper that a journal or box on said machine was hot; that in pursuance of his said employment and while acting in the line of his duty, he reached across said planer toward said journal to ascertain the condition of the same and whether it was hot enough to interfere with the operation of the machine; that while so doing the suction caused by the rapid motion of the knives of the planer drew his right hand against the end of the knives and severely injured it without any fault or negligence on

his part; that his said injuries were caused by the careless-
ness and negligence of the defendant in leaving said planer
and the knives thereof unguarded, and in failing to provide
him with a safe place in which to work; that by §8029 Burns
1908, Acts 1899 p. 231, §9, it was the duty of the defendant
to cover and otherwise guard said planer and the knives
thereof and defendant carelessly and negligently failed to
guard the same and suffered said knives on said planer to
remain unguarded; that it was practicable to guard said
planer without interfering with the practical use thereof;
that plaintiff's said injuries were caused by and on account
of the negligence of defendant in failing to place and main-
tain a guard over the knives of said planer. The complaint
is clearly good as against the attack made on it here and
would doubtless have withstood an attack by demurrer. We
can not say as a matter of law that the averments show
appellee guilty of negligence contributing to his injury.
*American Car, etc., Co.* v. *Vance* (1912), 177 Ind. 78, 97
N. E. 327.

It is contended that the answers to the interrogatories
are in irreconcilable conflict with the general verdict. The
answers to the interrogatories in substance show that the
planer on which appellee was injured had on it a curved
cast iron guard which was located between the place where
the person feeding the machine stood and the knives, but
that the knives were not properly guarded; that plaintiff
had been employed by defendant to work at the planer upon
which he was injured and was also employed to do other
work in and about the factory; that it was a part of his
duty, when said planer was out of order to fix and adjust
it; that he was by the defendant ordered to go from the
work in which he was engaged to the planer upon which
he was injured, and was by it directed to take hold of the
boxes which he had been informed were hot; that he knew
the danger incident to such examination and knew and
understood the danger of operating the machine; that he

understood the construction of said planer and had worked upon it at different intervals covering a period of three years before his injury; that immediately before his injury plaintiff was not operating said planer but was standing in front of the same and reached over the top of the guard to ascertain whether the boxes and the machine were in working order, when his hand came in contact with the knives and was injured; that he knew at the time he received his injury that the knives of the planer were in motion and he did not before examining the machine make any effort to throw the planer out of gear or to stop the knives; that his injury was not caused solely by his placing his right hand in contact with the knives of the planer. It is contended by appellant that the answers to the interrogatories show that the knives on the planer were properly guarded; that appellee knew the danger; that he did not stop the machinery before examining the hot boxes but voluntarily reached over the guard while the machinery was in motion and thereby received the injury of which he complains; that these facts establish contributory negligence on the part of appellee.

The general verdict finds every fact provable under the issues, and will stand unless the facts established by the interrogatories are in irreconcilable conflict therewith. The verdict finds that the knives of the planer were not guarded as required by statute and the interrogatories in substance find that there was some kind of a guard on the planer, but that it was insufficient to properly guard the knives. This is not at all in conflict with but is corroborative of the general verdict. Whether, under all the circumstances disclosed by the evidence appellee was guilty of contributory negligence in putting his hand on the boxes while the machine was in operation, was a question for the jury, and the facts found are insufficient to override the general verdict. Appellee was required to use ordinary care to avoid injury but we can not say that the answers to the interrogatories show

conclusively that he did not use the care required of him by the law. *American Car, etc., Co.* v. *Vance, supra; F. Bimel Co.* v. *Harter* (1912), 51 Ind. App. 267, 98 N. E. 360, 364; *Green* v. *American Car, etc., Co.* (1904), 163 Ind. 135, 139, 71 N. E. 268.

Complaint is also made of the giving of certain instructions and of the refusal of the court to give certain instructions tendered by appellant. It is claimed that instruction No. 9 given by the court on its own motion limits appellant to its own evidence in proving the contributory negligence of the plaintiff. While this instruction is not well worded, when considered as a whole, we do not think it is open to the objection urged. Furthermore, in instruction No. 5 given by the court of its own motion, the jury was clearly informed that contributory negligence may be shown by the evidence of both plaintiff and defendant.

It is also claimed that instruction No. 14 sets no limitation to the damages that may be assessed for future pain and suffering. That part of the instruction to which the objection is urged, refers to suffering "which may be endured in the future from his injuries". The closing part of the instruction informed the jury that they could only assess such damages within the demand of the complaint "as will reasonably and justly compensate plaintiff for his injuries". Appellant claims that the instruction to be correct, should have employed the phrase "such future pain as it was reasonably certain from the evidence he would suffer." In our view the instruction when considered in its entirety, conveys the meaning contended for, and limits the damages that may be recovered to just and reasonable compensation for the injury received including such future pain and suffering as may reasonably be presumed from the evidence to have resulted from the injury. The meaning that may be apparent from either a natural or strained construction of any fragmentary part of the whole instruction is not the true

test, and usually leads to an erroneous interpretation of any instruction to which such test is applied. No particular form of expression is required, but every instruction must be read and considered in its entirety, and such meaning be ascribed to it as is reasonably apparent from all the language employed when fairly construed. We have considered all the instructions given and those tendered and refused, but find no other questions presented which merit detailed consideration. The instructions given fairly and accurately state the law applicable to the issues and the evidence. Some of the instructions tendered were erroneous, and others refused present no reversible error because the instructions given fully cover the same questions.

The jury awarded $900 damages which appellant insists are excessive. The amount is not such as to induce the court to believe that the jury acted from prejudice, partiality or corruption, and it therefore affords no ground for reversal. *Indianapolis Southern R. Co.* v. *Wall* (1913), *ante* 43, 101 N. E. 680.

The appellant's motion for a new trial was properly overruled. The briefs and records as presented show no cause for reversal. The presumption is in favor of the lower court, and, so far as shown, substantial justice has been done between the parties. Judgment affirmed.

NOTE.—Reported in 102 N. E. 974. See, also, under (1) 2 Cyc. Anno. 1013; (2) 31 Cyc. 769; (3) 26 Cyc. 1399; (4) 38 Cyc. 1929; (5) 26 Cyc. 1513; (7) 38 Cyc. 1778, 1782; (8) 13 Cyc. 246; (9) 38 Cyc. 1595, 1778; (10) 38 Cyc. 1711. As to what is an excessive verdict in an action for personal injuries not resulting in death, see 16 Ann. Cas 8; Ann. Cas. 1913 A 1361.