## AMERICAN CAR AND FOUNDRY COMPANY *v.* WYATT.

[No. 8,393. Filed March 3, 1915.]

1. APPEAL.—*Questions Reviewable.—Constitutionality of "Factory Act".*—Questions suggested in appellant's brief relative to the constitutionality of §8020b Burns 1914, Acts 1911 p. 145, which is supplementary to the "Factory Act", can not be considered by the Appellate Court, the validity of the act having been upheld by the Supreme Court. p. 164.
2. MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Cogs. —Proximate Cause.—Complaint.*—Where the complaint for injuries to a servant whose hand was caught in unguarded cogwheels, alleged that plaintiff was engaged in adjusting set screws located about three inches from the cogs, and that in so doing his hand slipped into the cogs, which were unguarded and were revolving rapidly, etc., the objection to its sufficiency that the failure to guard the cogs was shown to have been only a condition, and that the plaintiff's act in attempting to adjust the set screws while the machine was in operation was the proximate cause, is not well taken, the authorities lending support to such contention having been criticised or expressly overruled. p. 164.
3. TRIAL.—*Verdict.—Answers to Interrogatories.*—Answers to interrogatories will overcome a general verdict only when the conflict is such that it can not be removed by any evidence admissible under the issues, and in passing on the sufficiency of such answers to support a motion for judgment thereon, the court can consider only the general verdict, the answers to the interrogatories, and the pleadings. p. 165.
4. MASTER AND SERVANT.—*Injuries to Servant.—Violation of Statutory Duty.—Assumption of Risk.*—Where a servant is injured as the result of the master's failure to perform a statutory duty, the servant can not be held to have assumed the risk. p. 166.
5. MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Cogs. Answers to Interrogatories.—Contributory Negligence.—Assumption of Risk.*—In a servant's action for injuries to his hand by coming in contact with unguarded cogwheels, where the complaint charged that plaintiff was adjusting set screws on the machine, pursuant to the order of his foreman, when his hand slipped and was caught in the rapidly revolving cogs, plaintiff could not, under §8020b Burns 1914, Acts 1911 p. 145, be charged with assumption of risk or contributory negligence in attempting to do the work in obedience to the order; hence, the jury's answers to interrogatories tending to show assumption of risk or

contributory negligence were not in conflict with the general verdict for the plaintiff.    p. 166.

6.  MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Question for Court or Jury.*—Aside from the provisions of §8020b Burns 1914, Acts 1911 p. 145, the court can not say as a matter of law that plaintiff was guilty of contributory negligence in choosing the more dangerous of two ways for doing the work, on answers by the jury to interrogatories showing that he was specifically ordered by his foreman to tighten a set screw, that while looking for a wrench the foreman tightened the screw without his knowledge, that when plaintiff attempted to tighten it, he could not for the reason that it had been tightened, that plaintiff thereupon put the machine in motion thinking that thereby he could adjust the screw with his fingers, and in attempting to do so, his hand slipped and was caught in rapidly revolving cogwheels.    pp. 166, 167.

7.  MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Jury Question.*—In determining whether a servant was guilty of contributory negligence in choosing the more dangerous of two ways that were open to him, all surrounding facts and circumstances should be considered, and if the facts are susceptible to but one reasonable conclusion, the question becomes one of law, otherwise it is for the jury to determine.    p. 167.

8.  MASTER AND SERVANT.—*Injuries to Servant.—Action.—Theory.—Instructions.*—Where a servant's action for injuries received in attempting to adjust a set screw in obedience to a specific order, was treated by the parties as controlled by §8020b Burns 1914, Acts 1911 p. 145, there was no error in giving an instruction stating that if the injury resulted from plaintiff's obedience to a specific order from his foreman, and he was under obligation to obey same, he can not be held to have been guilty of contributory negligence.    p. 168.

9.  APPEAL.—*Review.—Theory of Trial Court.*—The court on appeal is bound by the theory of the case adopted in the trial court.    p. 170.

10.  APPEAL.—*Review.—Harmless Error.—Instructions.*—A reversal can not be predicated on the giving of an instruction which was correct when considered with the other instructions given, nor on the refusal of instructions that were covered by instructions given.    p. 170.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Robert M. Wyatt, by his next friend John Prinz, against the American Car and Foundry Company.

From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*M. Z. Stannard* and *J. G. Howard, Jr.,* for appellant.
*George H. Voigt,* for appellee.

SHEA, J.—This action was brought by appellee by his next friend to recover damages for personal injuries alleged to have been sustained by reason of appellant's negligence in failing to guard certain cogwheels on a drill press in its factory in accordance with the provisions of §8029 Burns 1914, Acts 1899 p. 231. Briefly stated, the complaint charges that appellee, who was nineteen years of age, was, on April 4, 1911, in the employ of appellant, a corporation engaged in the manufacture of cars in the city of Jeffersonville and town of Clarksville, Indiana; that while so employed he was injured by his hand coming in contact with cogwheels on a drill press which he was at the time engaged in operating. It is charged that a proper guard could have been placed over the gear wheels or cogs without interfering with the proper operation of the machine; that appellant in violation of the statute of Indiana carelessly and negligently failed to provide the wheels and cogs with such guard; that on the date in question, appellee, in response to a specific order from one Kramer, whose duty it was to manage, control and direct all employes in the department in which said drill press was located, including appellee, attempted to tighten two set screws on the machine located within three inches of the gear wheels; that in order to keep said machine in proper condition for operation it was necessary that they be tightened; that in attempting to comply with the order appellee "took hold of one of said screws with his left hand and attempted to tighten it, and while doing so his hand slipped from said screw into the cogs of said gear wheels" and by the rapid revolution of the wheels was caught between said cogs and crushed and bruised;

that "his injury was caused by the negligent act of the defendant in then and there failing to provide said guard for said wheels and cogs aforesaid and that if said guard had been placed on said machine    *    *    *    it would at the time of said injury have prevented his hand from slipping into said cogs    *    *    *    and his hand would not have come in contact with said cogs"; that at the time he received the injury he was operating said machine in obedience to and as a part of his contract of employment.

Appellant's demurrer to the complaint was overruled. Answer in general denial. There was a trial by jury and verdict for appellee. With its general verdict the jury returned answers to certain interrogatories. Appellant unsuccessfully moved for judgment in its favor on the facts found in answer to the interrogatories notwithstanding the general verdict and for a new trial, and judgment was thereupon rendered in favor of appellee for $1,850.

Error is assigned on the overruling of appellant's demurrer to the complaint, its motion for judgment on the facts found in answer to interrogatories notwithstanding the general verdict, and its motion for a new trial.

The constitutionality of §8020b Burns 1914, Acts 1911 p. 145, which is supplemental to what is known as the

1.  "Factory Act" upon which this action is based, and which must be considered in determining the issues here, has been upheld by the Supreme Court of this State, so that question suggested in the brief by appellant's learned counsel is out of consideration in this case. *Vandalia R. Co.* v. *Stilwell* (1914), 181 Ind. 267, 104 N. E. 289.

In support of appellant's vigorous contention that the complaint is obnoxious to a demurrer, appellant's learned

2.  counsel cites the cases of *P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132, 73 N. E. 253; and *Crawford & McCrimmon Co.* v. *Gose* (1909), 172 Ind. 81, 87 N. E. 711. These cases are cited in support of the

proposition that the failure to guard the cogs as set out in the complaint was only a condition; that the act of attempting to adjust the set screw while the machine was in motion was the proximate cause of appellee's injuries, and therefore the failure in the first instance of appellant to guard the machine if there was such failure, was only the remote cause, therefore it can not be compelled to respond in damages for any injury that may have resulted to appellee, as his contributory negligence was the proximate cause of the injury. It is possible under the holdings in the cases cited that appellant's contention would be correct, but these cases have been expressly overruled, or so criticised that they are of little or no value as authorities. *King* v. *Inland Steel Co.* (1912), 177 Ind. 201 , 96 N. E. 337, 97 N. E. 529. We also call attention to *F. Bimel Co.* v. *Harter* (1912), 51 Ind. App. 267, 98 N. E. 360; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99. The complaint contains all the essential allegations and is sufficient to withstand a demurrer.

It is next insisted that the motion for judgment on the facts found in answer to interrogatories notwithstanding the general verdict, should have been sustained. In considering whether there is a conflict between the answers to the interrogatories, and the general verdict, only the general verdict, interrogatories and answers thereto and the pleadings will be considered. "The special findings override the general verdict only when both cannot stand; the conflict being such, upon the face of the record, as to be beyond the possibility of being removed by any evidence admissible under the issues in the cause." *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 53 N. E. 235. See also, *Lagler* v. *Roch* (1914), 57 Ind. App. 79, 104 N. E. 111.

Appellant is charged with the violation of a statutory duty which caused appellee's injury. In such cases it is so well

settled as to require no citation of authority that
4. appellee can not be charged with having assumed the
risk.   It is charged in the complaint and expressly
5. found by the jury in answer to interrogatory No. 2
that appellee was at the time he was attempting to
tighten the set screw obeying the specific order of the fore-
man.   This is also the effect of the general verdict.   Under
the provisions of §8020b Burns 1914, *supra*, fairly construed
and applied to the facts in this case, appellee can not be
charged with contributory negligence in attempting to tight-
en the set screw in obedience to said order, so that any facts
found in answer to the interrogatories tending to show
appellee assumed the risk or was guilty of contributory neg-
ligence can not be said to be in conflict with the general
verdict, in view of the theory upon which the case was tried
as hereinafter pointed out.

It is also insisted that the answers to interrogatories show
that there were two ways in which to do the work as directed,
and that appellee chose the more hazardous, therefore
6. he was guilty of contributory negligence.   We sug-
gest in this connection that while the jury finds that
there were two ways to do the work, one while the machinery
was at rest, and one while in motion, the latter being the
more dangerous way, the jury also finds that appellee at-
tempted to tighten the screw while the machine was stopped
and found it impossible to do so.   He then started the ma-
chine, no doubt believing he could do the work while the
machine was so running.   Query—whether under such cir-
cumstances he voluntarily chose the more dangerous way.
He first attempted the safer way—there was then no alterna-
tive but the more dangerous way.   However, aside from the
statute we do not think that this is a case where this court
may properly declare as matter of law from the facts found
in answer to the interrogatories that appellee was guilty of
contributory negligence.   It has been often stated as a gen-
eral rule that where two ways of doing a given thing are

open to a servant, one of which is more dangerous than the other, and where the servant, knowing the facts, voluntarily selects the more dangerous way, he will be denied a recovery from the master for resulting injury. This rule applies in all its strictness to cases in which the doctrine of assumption of risk applies. It has been long settled that a servant assumes the risks of all known and appreciated dangers incident to his employment. *Brazil Block Coal Co.* v. *Hoodlet* (1891), 129 Ind. 327, 27 N. E. 741; *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. 397, 98 N. E. 424; *Richardson* v. *Carbon Hill Coal Co.* (1893), 6 Wash. 52, 32 Pac. 1012, 20 L. R. A. 338. The rule of assumption of risk having no application in this case, the doctrine, if sustained at all, must be upon the theory of contributory negligence. To determine whether a servant was guilty of contributory negligence in selecting a way known to be dangerous when a safe, or safer way of doing the work was open to him, all the surrounding facts and circumstances should be considered. If the danger incident to the way adopted was open and obvious and so imminent and threatening that no man of ordinary prudence would have taken the chances of encountering it, and if the facts are such that no reasonable mind could reach any other conclusion, then the question is one of law, and the court may say that the servant was guilty of contributory negligence in adopting such a course. On the other hand, if the facts be such that a person of ordinary prudence might have reasonably believed that the danger could be safely encountered by the exercise of proper caution, or where the facts are such that reasonable minds might differ, the question was one for the jury. *Kingan & Co.* v. *Gleason* (1914), 55 Ind. App. 684, 101 N. E. 1027; *Jenney Electric Mfg. Co.* v. *Flannery, supra.*

The answers to the interrogatories disclose that appellee was engaged in operating a drill press in appellant's shops; that in response to a specific order from William Kramer, foreman, appellee attempted to tighten

a set screw on the machine. Said set screw was 16 inches above the lever with which he operated the machine. In order to carry out the order appellee was obliged to leave the machine to obtain a wrench. While absent from the machine the foreman, without the knowledge of appellee, tightened the set screw himself. Appellee was not able to procure a suitable wrench, and was not able to tighten the screw while the machine was at rest, either with the wrench he had, or his fingers, since it had already been tightened by the foreman. He then started the machine in motion, thinking he could tighten the screw with his fingers, and in so doing his fingers which were greasy slipped from the set screw into the cogs, inflicting the injury complained of. He was standing on the floor reaching above his head when the accident occurred. The facts found by these answers do not show that appellee was guilty of contributory negligence as a matter of law measured by the rule heretofore stated, therefore, the court did not commit error in overruling the motion for judgment on the facts found in answer to the interrogatories notwithstanding the general verdict. *Tucker & Dorsey Mfg. Co.* v. *Staley* (1907), 40 Ind. App. 63, 66, 80 N. E. 975; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 73 N. E. 899; *Jenney Electric Mfg. Co.* v. *Flannery, supra; Kingan & Co.* v. *Gleason, supra; F. Bimel Co.* v. *Harter, supra.*

Under the motion for a new trial it is assigned that the court erred in giving at appellee's request instruction
8.    No. 7 which reads as follows: "If the injury complained of by the plaintiff resulted from his obedience to a specific order or direction given him by William Kramer and if the plaintiff was under obligation to obey such order or direction then he can not be held to have been guilty of contributory negligence." This instruction, it is argued, as applied to the evidence in this case, is an invasion of the province of the jury, and was also an incorrect statement of the rule of contributory negligence. It is insisted that the

jury had a right to infer from this instruction that if appellee was told to tighten the screw, and if in so doing, he unnecessarily and improperly started the machine in motion, and then attempted to handle the greasy screw with his greasy fingers within three inches of the rapidly revolving cogs, that these facts would raise no inference that he was at fault.

We call attention to §2, Acts of 1911 p. 145, §8020b Burns 1914, which both appellant and appellee treat as applying to the cause as stated, which provides that no employe shall be held guilty of negligence or contributory negligence "where the injury complained of resulted from such employe's obedience or conformity to any order or direction of the employer or of any employe to whose orders or directions he was under obligation to conform or obey, although such order or direction was a deviation from other rules, orders or directions previously made by such employer." The theory of the law as stated in this instruction seems also to have been the theory of appellant, as instruction No. 15 tendered by it and given by the court contains the same theory, so that if error could be predicated upon the giving of said instruction, it may be said to have been invited. Instruction No. 15 tendered by appellant and given reads as follows: "If it has been established by a preponderance of the evidence that the plaintiff was guilty of contributory negligence, such contributory negligence will be sufficient to defeat his right to recover in this action, unless it affirmatively appears that plaintiff was performing the act out of which his contributory negligence arose, under the order or direction of the defendant or under the order or direction of William Kramer." It thus appears that both parties, as well as the trial court, adopted the theory as applied to the facts in this case that if the servant was performing the work in hand in obedience to a specific direction of the master, he, on that account did not assume the risk, and was not guilty of contributory negligence. We feel quite sure that in undertak-

ing to perform the service in obedience to the specific command appellee would be absolved from the charge of assumption of risk or contributory negligence, unless the danger was so obviously imminent and hazardous that a prudent man would not attempt it, but we suggest that the servant in the performance of the specific direction might do the work in such careless manner as to subject him to the charge of contributory negligence. However, it is unnecessary, and we do not decide this question in this case. This court

9. is bound by the theory upon which the cause was tried in the court below. *Studebaker* v. *Faylor* (1908), 170 Ind. 498, 83 N. E. 447, 127 Am. St. 397; *Vandalia R. Co.* v. *Keyes* (1910), 46 Ind. App. 353, 363, 91 N. E. 173.

It was not reversible error to give at appellee's request instruction No. 10 complained of, in view of other

10. instructions given. It is also very earnestly insisted that the court erred in failing to give instruction No. 18 tendered by appellant. This instruction is subject to some criticism as invading the province of the jury as to whether the order given was a specific order, besides it' is covered by other instructions given. No error was committed in refusing to give it.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 12. As to the risks assumed by the servant, see 52 Am. Rep. 737. As to sufficiency of general allegations as to master's negligence in regard to machinery, see 59 L. R. A. 258. As to contributory negligence of an employe in obeying a direct command, see 30 L. R. A. (N. S.) 441; 33 L. Ed. U. S. 656. As to assumption of risk on failure of employer to perform statutory duty, see 4 Ann. Cas. 599; 13 Ann. Cas. 36; Ann. Cas. 1913 C 210; 6 L. R. A. (N. S.) 981; 19 L. R. A. (N. S.) 646; 22 L. R. A. (N. S.) 634; 33 L. R. A. (N. S.) 646; 42 L. R. A. (N. S.) 1229; 49 L. R. A. (N. S.) 471. As to the servant's assumption of risk in obeying orders to perform obviously dangerous work, see 4 L. R. A. (N. S.) 830; 38 L. Ed. U. S. 391. See, also, under (1) 11 Cyc. 747; (2) 26 Cyc. 1386, 1092; 11 Cyc. 749; (3) 38 Cyc. 1927; (4) 26 Cyc. 1180; (5) 26 Cyc. 1221, 1272, 1513; (6) 26 Cyc. 1257, 1274; (7) 26 Cyc. 1482; (8) 26 Cyc. 1494; (9) 2 Cyc. 670; (10) 38 Cyc. 1778, 1711.