BENKOWSKI *v.* SANDERS & EGBERT COMPANY.

[No. 8,806. Filed October 28, 1915. Rehearing denied December 31, 1915.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Apparent Hazards.—Statutes.*—The Employer's Liability Act of 1911 (Acts 1911 p. 145, §§8020b, 8020c Burns 1914), applies to any person, firm or corporation employing five or more persons, and under its provisions an employe may not be charged with contributory negligence which will defeat his recovery, by reason of dangers or hazards inherent or apparent in his employment. p. 376.

2. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Statutes.—Instructions.*—In a servant's action for personal injuries, controlled by the Employer's Liability Act (Acts 1911 p. 145, §§8020b, 8020c Burns 1914), an instruction stating the master's duty to furnish proper appliances, etc., and that plaintiff was not chargeable with contributory negligence to the degree that a recovery on his part would be defeated, because he used a defective appliance furnished, even though the dangers and hazards incident to the use of such appliance were inherent and apparent to him, correctly stated the law, and its refusal was reversible error in the absence of any other instruction covering the subject-matter. p. 376.

Benkowski *v.* Sanders & Egbert Co.—60 Ind. App. 374.

3. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Choice of Unsafe Way.*—The doctrine of assumed risk does not obtain in an action brought under the statute for injuries to a servant, so that a plaintiff is not necessarily precluded from recovery merely because he knowingly and voluntarily chose the more unsafe of two ways in doing his work, but it is for the jury to determine whether the danger was such that a person of ordinary prudence might reasonably have believed that it could be safely encountered by the exercise of proper caution. p. 378.

4. MASTER AND SERVANT.—*Safety of Appliances.—Duty of Inspection.—Statutes.*—While certain provisions of the Employer's Liability Act 1911 impose specific duties on persons engaged in the construction of buildings, to provide specific appliances for the protection of employes, §4 of the act (Acts 1911 p. 597, §3862d Burns 1914) requiring employers to see and require that all metal, wood, machinery, appliances, etc., are carefully selected, inspected and tested, so as to detect and exclude defects and dangerous conditions, does not make the employer an insurer of the workman's safety or require that he shall furnish tools and appliances free from defects, but imposes merely the general duty of selection, inspection and testing, which is no more than his common-law duty. pp. 379, 380.

5. MASTER AND SERVANT.—*Negligence.—Statutory Duties.*—Where the statute imposes a specific duty on the employer, his breach thereof constitutes negligence, but a somewhat different rule applies where duty imposed is merely general. p. 380.

6. MASTER AND SERVANT.—*Liability for Injuries.—Statutes.*—Neither §8020b Burns 1914, Acts 1911 p. 145, nor §3862d Burns 1914, Acts 1911 p. 597, as applicable to an action for injuries to a servant by reason of the defective condition of an appliance furnished by the master, changes the common law with reference to the employer's liability, except that where negligence of the employer has been shown the defenses of assumption of risk, and of contributory negligence because of dangers and hazards inherent in the employment, are removed, and the burden of showing that the employer did not know of the defect, or was not chargeable with knowledge, and of proving contributory negligence, is placed on the employer. p. 381.

From St. Joseph Superior Court; *Arthur L. Hubbard,* Judge *Pro Tem.*

Action by Joseph Benkowski against the Sanders & Egbert Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*W. N. Bergan, P. C. Fergus* and *Hubbell, McInerny, McInerny & Yeagley,* for appellant.

*Slick & Slick,* for appellee.

IBACH, P. J.—Action by appellant against appellee for personal injuries sustained while employed in appellee's sawmill, which injury was alleged to have been caused by a defective skid furnished by appellee to appellant for him to use in the work which he was ordered to do, namely, the unloading of logs from a flatcar. There was a trial by jury, and a verdict for appellee was returned and judgment rendered on the verdict. The errors assigned for reversal all arise on the overruling of appellant's motion for new trial.

This case involves the construction of the act of 1911. Acts 1911 p. 145, §§8020b, 8020c Burns 1914. The cause seems to have been tried by the court on the theory that this act made no change in the common law.

Among the errors complained of is the court's refusal to give instruction No. 12 on appellant's motion, in the following words: "If you find

1. from the evidence in this case that the defendant was engaged in business in the city of South Bend, St. Joseph County, Indiana, and employed more than five (5) persons in such business, and such business consisted of the manu-

2. facturing of lumber in a manufacturing plant, and if you find from the evidence that the plaintiff on the 6th day of February, 1912, was employed by said defendant to work in its said manufacturing establishment or plant, then I instruct you it was the duty of said defendant to furnish reasonably safe appliances to said plaintiff with which to do the work which he was instructed to do, and said defendant was required, under the law, to exercise reasonable care and diligence to see and know that such appliances so furnished were safe to be used by the plaintiff in the labor which he was to do for said defendant and the plaintiff is not charge-

able with contributory negligence to the degree that a recovery on the part of the plaintiff would be defeated, because he used the defective appliance furnished, even though the dangers and hazards incident to the use of such appliance were inherent and apparent to the employe."

The act of 1911, *supra*, applies to any person, firm, or corporation while engaged in business, trade or commerce within this State, and employing in such business, trade or commerce five or more persons. Appellee does not deny that this act applies to the present action. Section 2 of this act (§8020b Burns 1914, *supra*), provides, "In actions brought against any employer under the provisions of this act for the injury or death of any employe, it shall not be a defense that the dangers or hazards inherent or apparent in the employment in which such injured employe was engaged, contributed to such injury." Under this provision of the statute, instruction No. 12 was correct. In the case of *Vandalia R. Co.* v. *Stilwell* (1914), 181 Ind. 267, 104 N. E. 289, it was said "The defense of the hazards and dangers inherent or apparent in the employment contributing to the injury is taken away." The language of the statute seems to be perfectly plain, that an employe may not be charged with contributory negligence which will defeat his recovery, by reason of dangers or hazards inherent or apparent in his employment. No other instructions covered the subject-matter of instruction No. 12, therefore it was reversible error for the court to refuse to give it. See, also, *American Car, etc., Co.* v. *Wyatt* (1915), 58 Ind. App. 161, 108 N. E. 12.

Complaint is also made of the giving of instructions Nos. 4, 5 and 6, at appellee's request, as follows: "(4) An employe of mature age, experienced in the work it is his duty to perform for his em-

ployer, is bound to avoid, if possible, and practicable, all known dangers, if he can do so and perform efficiently the work he is required to perform. If he unnecessarily and of his own volition, with knowledge of the danger, undertakes to do the work in an unsafe way, when he could have, and knows he could have, performed the work in a safe way, and is injured by reason of his choice of an unsafe way, then he cannot recover for such injury. (5) If you find that there was a safe way or ways in which plaintiff could have mounted the car on which he was working at the time of his injury of which plaintiff at the time knew, and that, with such knowledge, plaintiff voluntarily chose to mount the car in an unsafe way, knowing that it was unsafe and was injured by reason thereof, then he can not recover in this action. (6) I instruct you that if there are two ways in which an employe can perform a given service in the employer's service, one safe and the other unsafe, and he, with full knowledge of the safety of the one and unsafety of the other, voluntarily chooses the unsafe way and is thereby injured, then he can not recover for such injury."

In a case such as this, brought under a statute which specifically removes the defense of assumption of the risk, and in which that doctrine does not obtain, a servant who, with knowledge, 3. voluntarily adopts the more unsafe of two ways of doing work, is not necessarily precluded from recovery. *American Car, etc., Co.* v. *Wyatt, supra; Kingan & Co.* v. *Gleason* (1914), 55 Ind. App. 684, 689, 101 N. E. 1027. In the latter case it was said, "In cases such as the one before the court, the doctrine of assumption of risk does not obtain; and, if the rule stated is to be applied in such a case, it must be sustained under the principle of contributory negligence. * * *

In determining whether a servant was guilty of contributory negligence by selecting a way known to be dangerous where a safe way or a safer way of doing the work was open to him, it is proper to consider all the surrounding facts and circumstances. If the danger incident to the mode adopted was open and obvious, and of a character so imminent and threatening that no man of ordinary prudence would have taken the chances of encountering it; and, if the facts are such that no reasonable mind could reach any other conclusion, then the question is one of law and the court may say that the servant was guilty of contributory negligence in adopting such dangerous course. On the other hand, if the facts are of such a character that a person of ordinary prudence might have reasonably believed that the danger could be safely encountered by the exercise of proper caution, or where the facts are such that reasonable minds might differ in this regard, the question is one for the jury." From this expression of the law it is apparent that the trial court in the present case was in error when in instructions Nos. 4, 5 and 6 it told the jury as a matter of law that if the plaintiff voluntarily chose to mount the car in an unsafe way, knowing it was unsafe, he could not recover, without reference to whether a person of ordinary prudence might have reasonably believed that the danger could be safely encountered by the exercise of proper caution.

Appellant also contends that the following language of §4, Acts 1911 p. 597, §3862d Burns 1914, applies to the facts of this case: "It is hereby made the duty of all owners, contractors, sub-contractors, corporations, agents or persons whatsoever, engaged in the * * * operation or management of any machinery, mechanism or contrivance * * * to see and to re-

quire that all metal, wood * * * machinery, appliances, ways, works, plants, tools, all contrivances, and everything whatsoever used therein, are carefully selected, inspected and tested, so as to detect and exclude defects and dangerous conditions." Appellant insists that this language imposes on an employer situated as was appellee, a duty greater than its common-law duty. There are other provisions of the act of 1911, *supra*, which impose specific duties on persons engaged in the construction of buildings, to provide specified kinds of flooring, staging, scaffolding, and protections for the workers engaged in such work, but the portion of §4 quoted, which purports to apply to persons other than those engaged in the construction of buildings, imposes merely general duties, and not specific duties. Where a statute lays a specific duty on an employer, violation on his part of such specific duty is negligence. *Suelzer* v. *Carpenter* (1915), 183 Ind. 23, 107 N. E. 467; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 420, 73 N. E. 899; *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 152, 64 N. E. 610, 58 L. R. A. 944. Where merely general duties are imposed, a somewhat different rule is applied. *Monteith* v. *Kokomo, etc., Co., supra*, 151.

In this case the language quoted from the statute would make it the duty of appellee to see and to require that the skid with which appellant was working, was carefully selected, inspected and tested, so as to detect and exclude defects and dangerous conditions. There is no requirement that the employer shall furnish tools, free from defects, he is not made an insurer of the employe's safety, he is required only to see that the tools are carefully selected, inspected and tested, in order to exclude defects and dangerous conditions, and it seems to us

that when he has used the reasonable care of an ordinarily prudent man in this selection, inspection and testing, he has fulfilled the requirement of the statute, and that it imposes on him no more than his common-law duty. It would seem, therefore, that the two statutes above mentioned as applicable in this action do not change the common law relative to the same subject-matter, except that where negligence of the employer has once been shown, the defenses of assumption of the risk, and of contributory negligence because of dangers and hazards inherent in the employment, are removed, and the burden of proving that the employer did not know of the defect or was not chargeable with knowledge, and of proving contributory negligence, is placed on the employer. Other errors complained of will probably not arise on a new trial.

6.

For the errors indicated, the judgment is reversed, and the cause is remanded for new trial.

NOTE.—Reported in 109 N. E. 942. As to assumption of risk where danger is obvious, see 119 Am. St. 438. As to duty of master to inspect tools and instruments furnished servant, see 1 L. R. A. (N. S.) 944. As to the care required of a master in providing appliances, see 1 Ann. Cas. 340. As to statutes affecting defense of contributory negligence in actions by servants against masters, see 5 Ann. Cas. 633. See, also, under (1) 26 Cyc 1229; (2) 26 Cyc 1507; (3) 26 Cyc 1180; (4) 26 Cyc 1102; (5) 26 Cyc 1090; (6) 26 Cyc 1421.