Chamberlain v. Waymire.

---

## CHAMBERLAIN ET AL. v. WAYMIRE, ADMINISTRATRIX.

[No. 4,494. Filed October 13, 1903. Rehearing denied and mandate modified February 18, 1904.

MASTER AND SERVANT.—*Defective Appliances.*—*Knowledge of Defects.*—*Personal Injuries.*—A complaint for the death of a servant caused by the alleged negligence of the master in furnishing defective tools or appliances must allege knowledge on the part of the master, and want of knowledge on the part of the servant, of the defects charged. *pp. 444, 445.*

SAME.—*Failure to Guard Vats.*—*Death of Servant.*—*Complaint.*—A complaint for the death of a servant by falling into a vat of boiling water because of the failure of the master to place guards around the vat as required by §7087i Burns 1901 is not bad for failing to negative the exception stated in a subsequent clause of the statute, it not being intended by the statute that there shall be any exception to the proper guarding of vats. *p. 445.*

SAME.—*Failure to Guard Vats.*—*Violation of Statute.*—*Assumption of Risk.*—The doctrine of assumed risk has no application in an action for the death of a servant, where the master had violated the statute requiring guards to be placed around machinery, vats, etc., and the servant was killed as a result thereof. *p. 447.*

SAME.—*Interrogatories and Answers.*—*Contributory Negligence.*—Answers to interrogatories in an action for the death of a servant caused by his falling into a vat of boiling water while handling logs in the immediate vicinity of the vat which show that there was an absolutely safe way to do the work, that the safe way was the customary way, and that the decedent knew this safe and customary way, show that decedent was guilty of contributory negligence precluding a recovery. *pp. 447, 448.*

From Miami Circuit Court; *J. T. Cox*, Judge.

Action by Louisa Waymire, administratrix of the estate of William E. Waymire, deceased, against George R. Chamberlain and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*John Mitchell, N. N. Antrim* and *W. B. McClintic,* for appellants.

*E. T. Reasoner, J. W. O'Hara, R. J. Loveland* and *H. P. Loveland,* for appellee.

Henley, J.—This was an action for damages, commenced by appellee against appellants on account of the alleged death, by wrongful act of appellants, of appellee's husband, one William E. Waymire, and of whose estate appellee is the administratrix. The complaint, which the trial court held sufficient upon demurrer for want of sufficient facts, was in one paragraph. Appellants' answer was a general denial. There was a trial by jury, and a verdict and judgment in favor of appellee. The assignment of errors presents to the court for review the action of the trial court in overruling appellants' demurrer to the complaint, in overruling the motion for judgment upon the answers to the interrogatories returned by the jury with the general verdict, and in overruling the motion for a new trial.

The substantial averments of the complaint are that appellants are partners engaged in the manufacture of baskets; that a part of the work of making baskets consists of stripping logs of their bark after submerging them in a vat of boiling water, from which vat they are passed to a veneering machine; "that on the 18th day of August, 1898, the large vat so used as aforesaid consisted of a basin about six feet in depth, with the top projecting about six inches from the surface of the surrounding ground, and that upon said date the said defendants [appellants] wrongfully, carelessly, and in criminal violation of the statute of the State of Indiana, suffered and permitted said vat, while filled with boiling water, to be and remain open and exposed, without any railing or safeguard or protection sur-

rounding the same, to serve as a warning or protection to their employes and others who came into the vicinity thereof in the course of their business and employment." It is further averred that the said decedent was at the time of his death in the employ of appellants, and while so employed was engaged in the line of his duty, under such employment, in handling logs in the immediate vicinity of the vat of boiling water, and was using for such purpose a log hook, furnished by the appellants as a suitable and necessary tool for that purpose; that it was necessary that such tool, so furnished, should be firm, and should have a keen, sharp point, in order that the person using it could grasp the log firmly and move it with certainty and precision; that on the said date the appellants wrongfully, carelessly, and negligently put into the hands of decedent a log hook made of a round bar of iron, five-eighths of an inch in diameter, and curved at one end, with the end of the hook dressed to a point, but that said point had been by appellants negligently suffered to become and remain so blunt and dull that it would not grasp a log, but would slip when applied, and by reason of the lightness and weakness of the bar from which it was made, the hook would bend and straighten under the weight of the logs, in handling them; that while appellee was so employed in handling logs near the vat, and by reason of the defective log hook, the said hook slipped from a log being handled by him, and he was thrown into the vat of boiling water so negligently left open and unguarded, in consequence of which he lost his life.

If the complaint was drawn upon the theory that the decedent's death was the proximate result of the defective log hook, it would be insufficient, because it wholly fails to allege knowledge on the part of appellants, and the want of knowledge on the part of decedent of the defects charged. *Creamery, etc., Mfg. Co.* v. *Hotsenpiller,* 24 Ind. App.

122, and cases cited. We construe the complaint, however, upon the theory that the negligence relied upon to fix appellants' liability consisted of the violation of a positive statute in failing to protect or guard the vat of boiling water. The pleader manifestly so intended.

Our statute (§7087i Burns 1901) provides: "All vats, pans, saws, *  *  * .and machinery of· every description therein shall be properly guarded, and no person shall remove or make ineffective any safeguard around or attached to any planer, saw, belting, shafting or other machinery, or around any vat or pan, while the same is in use, unless for the purpose of immediately making repairs thereto, and all such safeguards shall be promptly replaced."

It is contended by counsel that the complaint is insufficient because it does not in terms negative the exception in the statute. Our Supreme Court in *Cleveland, etc., R. Co.* v. *Gray,* 148 Ind. 266, declared the law to be that "where a breach of a statutory declaration of duty is alleged, and exceptions are found in the statutory declaration of duty, the pleader must show that the breach is not included in the exception. But if the exception is stated in a subsequent clause or section of the statute, *  *  * then such exception should be shown by way of defense ·to the action." The objection to the complaint in this case is therefore not tenable, because the exception is stated in a subsequent clause, and it is not intended by the statute that there shall be any exception to the proper guarding of the vats, etc., named in the statute, but the exception refers to the removal of the guards, after the same have been placed, for the purpose of repairing the guarded vats, machinery, etc.

The jury found, by answers to interrogatories returned with the general verdict, that there was a straight iron bar, about three feet long, which was sound and strong, provided by appellants, and which was used by the employes in moving logs on the platform, and that there was nothing

to have prevented decedent from standing on the north side of the log and pulling the west end of the log away from the vat, and that if decedent had stood on the north side of the log, and pulled it to the north and east, he could not have fallen into the vat, even if the hook had slipped off the log. It is contended that these findings show that decedent was guilty of negligence contributing to his injury, and that the trial court erred in overruling appellants' motion for judgment in their favor.

We think it proper in this connection to describe the situation of the vats and other machinery, and the usual manner of performing the work in which decedent was engaged, as found by the jury. There were two vats, in size twenty-two feet north and south, twelve feet four inches east and west, and eight feet deep. These vats were filled with boiling water, and were separated by a partition running north and south. In these vats the logs were submerged prior to being stripped of their bark and passed to the veneering room. These vats were immediately west of the veneering room, and separated from it only by a narrow walk. There was a platform nine feet three inches wide immediately north of and adjoining the vats, which extended east into the room where the veneering machine was located. The top of the vats was eleven inches higher than the platform. In the process of converting the logs into baskets, it was the custom to draw the logs from the vats onto that portion of the platform which was located immediately west of and adjoining the building in which the veneering machine was located, and there strip the logs of their bark before passing them to the veneering room. It was the custom and practice to strip the bark from the logs after they were drawn out and while the log lay in a north and south direction and practically parallel with the building containing the veneering machine. The decedent knew of the custom of doing this work at the time he received the

Chamberlain *v.* Waymire.

injury from which he died, but, contrary to this custom, he himself had placed the log so that it was lying in an easterly and westerly direction, parallel with the vats, and in trying to move it with the hook, with his back to the vats, the hook slipped off and he fell into the boiling water. Decedent was a man thirty years old, active and intelligent, and possessed of all his faculties. Appellants having violated the statute, the doctrine of assumed risk has no application to the case made by appellee's complaint. *Island Coal Co.* v. *Swaggerty,* 159 Ind. 664; *Monteith* v. *Kokomo, etc.; Co.,* 159 Ind. 149, 58 L. R. A. 944.

But the question remains, do the facts found show the decedent was guilty of negligence contributing to his injury? The negligence of appellants in failing properly to guard the vat is established both by the general verdict and by the special findings. The general verdict necessarily establishes decedent's freedom from fault, but the jury clearly and conclusively found by the interrogatories and answers that there was an absolutely safe way to do the work, that the safe way was the customary way, and that decedent knew this safe and customary way. It seems to us that the facts found place this case squarely within the rule announced in *Consolidated Stone Co.* v. *Redmon,* 23 Ind. App. 319, in which case this court said: "We take it to be the law that if there are two ways of performing an act, one of which is attended with peril or danger, and the other is absolutely safe from danger, and the person performing the acts, upon his own volition, chooses the dangerous way, and is injured, he can not call upon his employer to respond in damages."

The trial court ought to have sustained appellants' motion for judgment in their favor. The judgment is reversed, with instructions to the trial court to sustain appellants' motion for judgment upon the facts found by the jury by way of answers to interrogatories.

## ON PETITION FOR REHEARING.

PER CURIAM.—After reëxamining the entire record in this cause, we have concluded that justice would be best subserved by directing a new trial. The petition for rehearing is overruled, and the mandate heretofore made is modified as follows: The judgment is reversed, and the trial court is directed to grant a new trial.