## NATIONAL FIRE PROOFING COMPANY *v.* ROPER, BY NEXT FRIEND.

[No. 5,499. Filed March 28, 1906. Rehearing denied June 20, 1906. Transfer denied October 9, 1906.]

1. MASTER AND SERVANT.—*Factory Act.—Dangerous Machinery.* —An unguarded hole in a floor with rollers and knives beneath so arranged as to cut and grind clay and other materials dumped therein by the servants in the manufacture of tiling is not an appliance or machine within the meaning of the factory act (§7087i Burns 1901, Acts 1899, p. 231, §9) providing that "all vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws, and machinery of every description" shall be properly guarded. p. 604.

2. PLEADING.—*Complaint.—Master and Servant.—Factory. Act. —Dangerous Machinery.—Guarding.*—A complaint in an action by a servant for injuries caused by the master's violation of the factory. act (§7087i Burns 1901, Acts 1899, p. 231, §9) in

failing to guard dangerous machinery, must show affirmatively that such machinery was capable of being guarded without rendering it useless for its intended work. p. 606.

3. PLEADING. — *Complaint.* — *Allegations.*—*Inferences.*—A complaint, when questioned by demurrer, must allege the necessary facts directly, mere inferences or probabilities based upon conjectures being insufficient. p. 606.

4. APPEAL AND ERROR.—*Reversal.*—*Questions Decided.*—Where the appellee's complaint is bad, and the judgment is reversed therefor, the Appellate Court need not decide other questions presented. p. 607.

From Porter Circuit Court; *Willis C. McMahan,* Judge.

Action by Phillip E. Roper, by his next friend, against the National Fire Proofing Company. From a judgment on a verdict for plaintiff for $4,000, defendant appeals. *Reversed.*

*John B. Peterson,* for appellant.
*N. L. Agnew* and *Baker & Daniels,* for appellee.

BLACK, J.—The appellee, a minor, by his next friend, brought his action against the appellant, the complaint containing two paragraphs, a demurrer to each of which, for want of sufficient facts, was overruled.

In the first paragraph, after introductory matter, it was alleged, that the appellant was a corporation engaged in manufacturing tiling and material for building purposes, and had its factory and place of business in Lake county, Indiana; that June 13, 1903, the appellee was in the employ of the appellant as a laborer in its factory; that while so employed he was ordered and directed by the appellant to wheel dry dirt in a wheelbarrow from one end of a certain large, second-story room, belonging to and being a part of appellant's factory, to the opposite end thereof, and to unload the dirt at a place on that floor where there was a square opening in the floor; that immediately below and in this opening, but concealed from view, was certain machinery belonging to the appellant's factory, and a part

thereof, consisting of an arrangement of rollers and knives, which revolved at a high rate of speed, the purpose and use of which was to mix sawdust, damp clay, and dry dirt to the proper proportions and consistency for moulding into shape for tiling and building material; that sawdust, damp clay, and dry dirt were dumped on the floor over and around the square opening in the floor and thence were thrown into the opening in the proper proportion and quantities to be mixed and reduced to the proper consistency by the rollers, knives and machinery immediately beneath the opening; that the opening and the machinery were not in any way guarded or protected by any railing or fenders, or in any manner whatever, "as it was by law the duty of the defendant to do, but the opening was entirely unguarded, and was therefore dangerous to those approaching it;" that the floor around the opening was damp and slippery; that as the appellee was unloading the dry dirt and clay from his wheelbarrow, in the course of his employment and in the line of his duty in the service and employment of the appellant as aforesaid, he necessarily approached near the opening in the floor, and thereupon he slipped upon the damp and slippery floor, and, by reason of the unguarded condition of the opening and the machinery therein, he fell into the opening and machinery, so that his left foot and leg were thrust into the opening and into the rapidly revolving machinery, rollers, and knives, and were immediately and entirely torn and cut in such a manner that it thereby became and was necessary to amputate his left leg at a place about half way between the foot and the knee, etc. It was further alleged that the appellee would not have been so injured but for said unguarded and unlawful condition of said opening and machinery, etc.

The only difference between the first paragraph and the second was that in the latter it was alleged that the opening

and machinery were by the appellant "carelessly and negligently" left open and entirely unguarded, and it was stated that by reason of the "carelessness and negligence of the defendant in so leaving said opening and machinery open and unguarded" the appellee fell into, etc., and that appellee's foot and leg by reason of "said careless and negligent omission of defendant" were immediately and entirely cut off, etc., and that he would not have been so injured but for "said careless and negligent omission of defendant," etc.

In section nine of a statute of 1899, concerning labor, and providing means for protecting the liberty, safety, and health of laborers, etc. (Acts 1899, p. 231, §7087i Burns 1901), there is a requirement that in manufacturing, etc., establishments, "all vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description therein shall be properly guarded," and by section twenty-five (§7087y Burns 1901) the violation of any of the provisions of the act or omission to comply therewith is made a misdemeanor, and punishment therefor is prescribed.

Counsel for appellant, claiming that the action is based upon a pretended right of recovery upon the common-law liability of a master to respond in damages to the injured servant for neglect of duty in failing to furnish a safe place in which to work, insists that each paragraph is lacking in allegations necessary in such an action. On the other hand, the appellee, not claiming the pleading to be sufficient at common law, insists that each paragraph sufficiently stated a cause of action under the statute above mentioned.

Passing over suggestions as to the want of directness in the allegations of facts, we will confine our attention to two matters which seem, in view of the decisions of our courts, to be of essential importance.

One of these matters has relation to the character of the appliances, because of the unguarded condition of which the

appellee was injured; the other, to the question
1.   whether it is necessary in a complaint under this
statute to show affirmatively the practicability of
guarding the machine or appliance in question without
unduly interfering with its usefulness for the purpose for
which it is intended in the business.

In *Monteith* v. *Kokomo, etc., Co.*, 159 Ind. 149, 58 L.
R. A. 944, a complaint under this statute, which did not
contain any averments upon the subject of the practicability
of guarding the saw there in question, was held sufficient.
It does not directly appear whether the attention of the
court was given to this subject, the opinion being devoted
to another matter.   See *Muncie Pulp Co.* v. *Hacker* (1906),
37 Ind. App. 194.

. In *Green* v. *American Car, etc., Co.* (1904), 163 Ind.
135, an appliance or machine not of any of the particular
kinds or classes specifically mentioned in the statute was
treated as within the remedial purpose of the legislature, as
being covered by the general provision relating to machinery
of every description, following the specific mention of par-
ticular kinds of appliances and machinery in the section
under consideration.

Since the case at bar was before the court below, a de-
cision has been rendered which seems to require us to hold
the complaint before us insufficient.   In *Laporte Carriage
Co.* v. *Sullender* (1905), 165 Ind. 290, where the un-
guarded thing was an emery-belt, used by the defendant for
polishing and finishing metal parts of certain articles manu-
factured by the defendant, it was said: "It will be noted
that the machine or appliance denominated an 'emery-belt'
in the paragraph is not one of the particularly enumerated
or designated pieces of machinery or appliances required to
be properly guarded.   It does not come within the term or
word 'belting,' as employed in the statute.   *   *   *   The
general phrase, 'and machinery of every description there-
in,' under a well-recognized canon of construction appli-

cable to the interpretation of statutes, must be held to be limited and qualified by the specific designation of the machinery or appliance which immediately precedes it. * * * There being nothing in the statute in question to indicate to the contrary, the general phrase, namely, 'and machinery of every description therein,' must, under the rule stated, be construed as meaning and including machinery or appliances belonging to or of the class or character designated as 'vats, pans, saws,' etc. The paragraph in question, however, utterly fails to aver facts to show that the emery-belt mentioned therein is of the kind or character of the class of machinery specifically designated by the statute to be guarded. * * * There is also an entire absence of facts to disclose whether it is possible or practicable properly to guard this particular machine without rendering it useless for the purpose for which it is intended to be operated. The burden of showing these facts in the pleading rested on appellee, and the fact, if it is a fact, that the machine or appliance in question is of such a character that it cannot be properly guarded, cannot be said to be a matter of defense to be proved by appellant; for, as previously said, a party who relies upon a statute must bring himself fully and clearly within all its provisions." In view of this decision, the fact that a particular appliance, machine, or part of a machine, is dangerous to those using it, or passing near it in the line of duty as employes, would not be sufficient to bring the injury caused by its being unguarded within the statute; for, manifestly, there are many kinds of appliances and machines and parts of machines wholly different from those particularly mentioned in the statute which may be thus dangerous.

And with the case last mentioned before one, it will not avail to argue that it cannot be supposed properly that the legislature intended to use all the particular names of things preceding the words "and machinery of every description" in the sense in which they intended to use the word ma-

chinery, and that hence it was intended to refer by the subjoined words to something of substantially additional meaning or to machinery of other descriptions than the kinds of appliances and machines or parts of machines previously mentioned.

In the case before us the unguarded appliance and machinery, being a hole in a floor and rollers with knives beneath, operated as described, cannot be said to be an appliance or machine constituting a vat, pan, saw, planer, cogs, gearing, belting, shafting or set-screws. The description in the complaint does not show an unguarded thing which can be said to be "of the kind or character of the class of machinery specifically designated by the statute to be guarded."

So, with respect to the other matter to which we have referred, the pleading does not seem to meet the requirements of the latest authorities upon the subject. In our examination of the case, as presented in the briefs, we have observed that evidence was introduced upon the question as to the practicability of guarding the opening in the floor and the machinery beneath it without interfering with the usefulness of the appliances; but if the burden is upon the plaintiff in such a case to show affirmatively in the complaint such practicability by direct averment of facts, it must be conceded that each paragraph of the pleading before us does not contain such averment and therefore is insufficient on demurrer for want of facts. Under such an attack the pleading cannot be aided by inferences or probabilities based upon conjectures.

2. Essential matters of fact must be directly alleged.

3. See *Robertson v. Ford* (1905), 164 Ind. 538, 545, decided since this appeal was taken. If it was practicable to guard the place, that was a fact, and it was so understood on the trial of the cause in the introduction before the jury of evidence relating to it.

Various questions connected with later stages of the cause have been suggested by learned counsel for decision, but,

until a complaint that will meet the requirements of 4. the authorities can be framed, this court need not consider such other matters.

Judgment reversed, with instruction to sustain the demurrer to each paragraph of the complaint.

Robinson J., concurs in result. .