## KINTZ v. JOHNSON.

[No. 5,834. Filed December 21, 1906.]

1. PLEADING.—*Complaint.—Master and Servant.—Negligence.—Factory Act.*—A complaint alleging that a "rip saw" was dangerous, unguarded and negligently permitted to remain so, sufficiently shows a violation, by the master, of the factory act (§7087i Burns 1901, Acts 1899, p. 231, §9).  p. 282.

2. SAME. — *Complaint. — Master and Servant.—Dangerous Machinery.*—A complaint for the violation of the factory act (§7087i Burns 1901, Acts 1899, p. 231, §9) must show that the alleged dangerous machinery could have been guarded without destroying its usefulness.  p. 282.

3. SAME.—*Complaint.—Master and Servant.—Dangerous Machinery.—Guarding.*—A complaint alleging that a "rip saw" on which plaintiff was injured "could easily have been protected by a suitable cover or guard of any kind to prevent danger to the hands, limbs and person of any one who should be engaged in operating said machine, so as to make the same safe and free from danger" does not show that it was practicable to guard such "rip saw."  p. 282.

4. SAME.—*Complaint.—Master and Servant.—Defective Ways and Works.—Notice.*—A complaint by the servant at the common law for negligence of the master in his ways and works must negative such servant's notice thereof.  p. 283.

5. APPEAL.—*Briefs.*—The statement of the substance of appellant's demurrer in his brief on appeal is sufficient.  p. 283.

6. PLEADING.—*Demurrer.—Form.—Surplusage.*—A demurrer to a complaint for the reason that it does not constitute a "good cause of action," is sufficient, "good" being surplusage.  p. 283.

7. APPEAL.—*Questions Decided.*—The Appellate Court will not consider questions arising on the motion for a new trial, where the complaint was insufficient and necessitated a reversal.  p. 283.

From Vigo Circuit Court; *James E. Piety,* Judge.

Action by Edward S. Johnson against Norbert C. Kintz. From a judgment on a verdict for plaintiff for $500, defendant appeals. *Reversed.*

*Stimson & Condit,* for appellant.

*W. T. Gleason, H. S. Wallace* and *Henry, Crane & Miller,* for appellee.

COMSTOCK, J.—Appellee recovered judgment against appellant in the sum of $500 for injury to his person. The errors assigned question the action of the court in overruling appellant's demurrer to the complaint and in overruling his motion for a new trial. The complaint is in one paragraph. It alleges, in substance, that the defendant, at the time of the plaintiff's injury, owned and operated a planing-mill in Terre Haute, Indiana, and had in said mill, as a part of the machinery, a certain circular saw, known as a "ripsaw," which was run by steam-power by means of belting and shafting; that the saw was extremely dangerous, and that the defendant had negligently failed to place any guard or cover over or about the saw to protect employes from danger while using it; that the plaintiff, at the time of the injury, was an employe of defendant, and was directed, by defendant's foreman, to use said saw while it was in the unguarded and dangerous condition; that while so using the saw, without fault or negligence on the part of the plaintiff, but wholly because defendant failed to place a guard over the saw as required by law, the plaintiff's hand was caught by the saw, and his fingers were cut and mangled so that he was permanently disabled from carrying on his usual occupation. A demurrer to the complaint, for want of facts, was overruled, and the cause put at issue by general denial.

Appellant argues that the facts stated do not constitute a cause of action under the statute, for the reasons:   (1)

Because it is not alleged, either in the words of the statute or in equivalent language, that the saw was not properly guarded; (2) it is not alleged that the proposed guard, cover, protector, automatic feed, machine, or appliance, such as is commonly used in the operation of such saws, would diminish the danger, or would not imperil the usefulness or work of the machine or its operation. The complaint is founded on §7087i Burns 1901, Acts 1899, p. 231, §9. It alleges that the saw was dangerous; that it could have been made safe by a suitable guard; that the defendant wholly failed to place any guard, cover, or protection of any kind over or about the saw, and negligently permitted it to be and remain and be operated while in the dangerous condition aforesaid. The allegation that the defendant failed to place any guard or protection of any kind over or about the saw sufficiently states a violation of §7087i, *supra*. *Blanchard-Hamilton Furniture Co.* v. *Colvin* (1904), 32 Ind. App. 398, and cases cited.

As to the second objection, it has been held under the statute in question that the burden of showing by a pleading. that it is possible or practicable properly to guard a particular machine in question, without rendering it useless for the purpose for which it was intended to be operated, is upon the plaintiff. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *National Fire Proofing Co.* v. *Roper* (1906), 38 Ind. App. 600; *Robertson* v. *Ford* (1905), 164 Ind. 538.

The complaint alleges that the "saw could easily have been protected by a suitable cover or guard of any kind to prevent danger to the hands, limbs, and person of any one who should be engaged in operating said machine, so as to make the same safe and free from danger." This is not a sufficient averment of an essential fact.

The complaint is insufficient at common law for one reason at least—that it does not show that the condition

of the saw in controversy was not known to appellee.

4. *Indiana Mfg. Co.* v. *Wells* (1903), 31 Ind. App. 460; *Chamberlain* v. *Waymire* (1904), 32 Ind. App. 442; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 92 Am. St. 319. This is not important, however, because counsel for both parties treat the complaint as proceeding upon the theory of a violation of the statutory duty.

Appellee makes the point that appellant, having failed to set out in his brief the demurrer to the complaint or the substance of it, the alleged error in overruling 5. the same is waived. In appellant's brief it is stated "the appellant demurred to the complaint for want of sufficient facts to constitute a cause of action," referring to the page and line of the transcript. In another part of the brief it is stated there was a demurrer to the complaint for want of facts. This is a sufficient statement of the substance of the demurrer. The exact language of the demurrer is: "The defendant demurs to the plain- 6. tiff's complaint for the reason that the same does not state facts sufficient to constitute a good cause of action." The use of the word "good" may be considered as surplusage, and this omitted, the demurrer is in the language of the statute.

The complaint being insufficient to withstand a demurrer, the consideration of the questions arising 7. under the motion for a new trial need not be considered.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

Myers, C. J., Wiley, P. J., Robinson and Black, JJ., concur. Roby, J., absent.