THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* OESTERLING.

[No. 22,563. Filed December 12, 1913. Rehearing denied November 20, 1914.]

1. MASTER AND SERVANT. — *Injuries to Servant.* — *Complaint.* — A complaint for injuries sustained by an employe while operating a saw, averring that the injuries were caused by the carelessness and negligence of defendant in failing to guard the saw, as required by the statute, and that the same could have been guarded without impeding or interfering with its usefulness or operation, though alleging also that the defendant negligently maintained the saw in a dangerous condition in that the framework was old, worn and defective, can not be construed as stat-

Vol. 182—31

ing a common-law cause of action, but sufficiently states a cause of action for statutory negligence in failing to guard the saw. pp. 483, 485.

2. PLEADING.—*Complaint.—Theory.—Construction on Demurrer.*— A single paragraph of complaint can not be construed on demurrer as averring facts sufficient to constitute both a common law and statutory action, but, if ambiguous in such respect, the court will treat it as stating but a single cause of action and will determine what that cause is from the theory most clearly appearing from the leading averments. p. 485.

3. PLEADING.—*Complaint.—Sufficiency.*—A complaint is sufficient to repel a demurrer if it states facts entitling the plaintiff to any relief. p. 485.

4. MASTER AND SERVANT.—*Injuries to Servant.—Violation of Statutory Duty.—Assumption of Risk.*—In a servant's action for personal injuries, where the negligence charged consists in the violation of the statutory duty to guard a saw operated by plaintiff, the question of assumed risk is not involved. p. 486.

5. MASTER AND SERVANT.—*Injuries to Servant.—Failure to Guard Saw.—Contributory Negligence.—Instructions.*—In an action for injuries sustained by an employe in the operation of an unguarded saw, where the evidence showed that for some purposes for which the saw was used it could not be guarded, but that it was practicable to guard it when being used for doing the work that plaintiff was performing, that defendant had provided a proper guard that, if attached to the saw, would have prevented the injury, that it was within easy access of plaintiff, that plaintiff, with knowledge of such facts, and of a sign maintained by defendant forbidding the use of the saw without the guard, operated the saw without having the guard attached thereto, the court erred in refusing an instruction stating the facts necessary to show contributory negligence and that plaintiff, if guilty of such negligence, could not recover, since, even if it were the duty of defendant to attach the guard, there was evidence to show plaintiff guilty of contributory negligence in violating the defendant's rule forbidding the use of the saw without a guard. pp. 487, 488.

6. MASTER AND SERVANT. — *Injuries to Servant. — Contributory Negligence.—Employer's Liability Act.*—While under §8029 Burns 1914, Acts 1899 p. 231, making it the duty of employers to place guards upon machinery for the protection of employes, the doctrine of assumed risk is eliminated, the employes are not absolved from the operation of the law of contributory negligence. p. 488.

From Superior Court of Marion County (80,125) ; *James M. Leathers, Judge*

Action by Henry L. Oesterling against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under subd. 2, §1394 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Leonard J. Hackney, Frank L. Littleton, John W. Kern* and *W. F. Elliott,* for appellant.

*Willard Robertson, Henry N. Spann* and *Rowland Evans,* for appellee.

MORRIS, C. J.—Appellee sued appellant for damages for alleged personal injuries sustained in operating an unguarded ripsaw in appellant's repair shops. The complaint is in two paragraphs, and error is predicated on the action of the trial court in overruling appellant's demurrer to each paragraph.

Appellant presents the following proposition: "Each paragraph of complaint shows that the appellee was guilty of contributory negligence. Two acts of negligence

1. are charged in each paragraph against the defendant, first by failing to guard the saw in question, and second, by maintaining the saw in a dangerous condition, in that the table or framework about the same was old, worn and defective, and the groove the saw ran in was so widened by long and excessive use, that it allowed the saw to vibrate or wabble from side to side, and for the reasons aforesaid, the saw jerked or stuck in the material being sawed, thereby jerking the hand of plaintiff against the teeth of the saw. The immediate cause of the injury, then, according to these averments, was the second act of negligence charged. The defective condition of the saw as thus described, was open and palpable and necessarily known to the plaintiff, and it would be contributory negligence for him to continue to work with the same in the absence of a promise of repair. Where the facts affirmatively show contributory negligence, such facts control and override the general allegation of due care."

The following constitutes the averments of negligence in the first paragraph of complaint: "Said injuries were caused by the negligence and carelessness of the defendant in having no guard upon the saw and by reason of the fact that at said time the saw was wholly unprotected and exposed. And the defendant negligently and carelessly had and maintained the saw in a dangerous condition in this: the table or framework about same was old worn and defective and the groove the saw ran in was so widened by long and excessive use, that it allowed the saw to vibrate or wabble from side to side and for the reasons aforesaid the saw jerked or stuck in the material being sawed as aforesaid, thereby jerking the hand of plaintiff against the teeth of the saw. That the defendant did, at the time of said injuries, and prior thereto, knowingly, negligently and carelessly omit, fail and refuse to guard said ripsaw in violation and disregard of the laws of said state; although said machinery belonged to the class or character designated by said laws to be at all times guarded, and their use prohibited unless so guarded; and plaintiff charges that said saw could have been so guarded and protected and his said injuries prevented without in any wise destroying, impeding or interfering with the usefulness or operation of said saw for the purpose aforesaid; and it was entirely practicable to guard said saw without rendering it less useful for its intended purpose. Because of the aforesaid, plaintiff has lost his said hand * * * ."

The phraseology in the allegations of negligence found in the second paragraph differs somewhat from that in the first, but appellant treats such allegations in the second as the substantial equivalent of those in the first, and in such interpretation, we concur.

Neither paragraph is open to the urged objection. It is doubtful whether the language of either paragraph fairly evinces any intention of the pleader to charge other than statutory negligence in failing to guard the saw. §8029

Burns 1914, Acts 1899 p. 231.   Probably the allegations regarding the defective condition of the table and saw groove should be treated as matter pleaded by way of inducement. *Balue* v. *Taylor* (1894), 136 Ind. 368, 375, 36 N. E. 269. Be that as it may, a single paragraph of complaint

2. cannot be construed, on demurrer, as averring facts sufficient to constitute two causes of action, one grounded on a common-law liability, and the other on a statutory one.   Subdivision 3, §343 Burns 1914, §338 R. S. 1881, provides that "where the complaint contains more than one cause of action, each shall be distinctly stated in a separate paragraph, and numbered".   The provision is found in the civil code of 1852.   2 R. S. 1852 p. 38.   This court has never doubted its meaning, and has given effect to it according to the plain import of its language, by holding that each paragraph of a complaint must proceed on a single definite theory; and, where such pleading is ambiguous, and evinces a possible intention of the pleader to state more than one cause of action, the court will deem it as stating a single one and will determine what is such cause from the theory most clearly outlined by the leading averments.   *State, ex rel.* v. *Scott* (1908), 171 Ind. 349, 354, 86 N. E. 409, and cases cited; *Balue* v. *Taylor, supra; Duffy* v. *England* (1911), 176 Ind. 575, 96 N. E. 704; *First Nat. Bank* v. *Rupert* (1912), 178 Ind. 669, 100 N. E. 5.   It follows

1. that neither paragraph here can be construed as stating a common-law cause of action, but each must be considered as declaring on a statutory liability alone, and consequently there was no error in overruling appellant's demurrer.   Moreover appellant's contention could not prevail were it permitted to state two different causes of action in the same paragraph.   A complaint is sufficient to

3. repel a demurrer if it states facts entitling the plaintiff to any relief, and appellant concedes that each paragraph here is good on the theory of a statutory liability.

It is claimed that instruction No. 19, given to the jury

on the court's own motion, is erroneous because it elimi-
nated the question of assumed risk. This alleged error
4. is grounded on the theory that each paragraph of
complaint stated a common-law cause of action, as
well as a statutory one. The trial court correctly adopted
the theory that each paragraph stated nothing but a stat-
utory cause of action, and therefore did not err in giving
the instruction. Complaint for the same reason, is made of
other instructions given.

The evidence, without dispute, shows that the circular
saw in question was used not only in ripping boards, where
a guard was practicable, but also in grooving and rabbeting
them, where a guard was impracticable. Appellee was in-
jured in ripping a board, when no guard was adjusted to
the saw. Appellant provided a proper guard, which, at the
time of the accident, was hanging on the wall, a few inches
above the table to which the saw was attached. On the wall,
just above the same table, appellant had placed a notice, on
a blackboard, printed in white letters, an inch in height,
reading as follows:

"Notice to Employes.

Employes running circular saws are positively pro-
hibited to operate any of these saws without using the
guards provided for them, and same must be in place
on the machines, for personal protection of the machine
hands. Machine hands will be held strictly responsible
and see these guards are in position and are used at all
times, and cannot be taken off without instructions from
the foreman of the mill room. F. M. Lawler. M. M."

Appellee testified that about five weeks before the injury
he was employed by defendant to dress tools, and do saw-
ing; that it was his duty to file and set saws, etc., and that
his time had been occupied principally at such work, but
on a few occasions he had done some sawing, and had used
this saw two or three times before he was hurt though he
had no previous experience in running saws; that this saw
was located in the same room, and about 150 feet from his

regular place of work; that a week or more before the accident, some of the tools he used in his work of tool dressing were lost, and appellee's foreman told him, "some day, when you get time, make a box to keep them in"; that when injured, he was ripping boards, with which to make the tool box, pursuant to his foreman's previous order; that the date of injury was the first day he had had time to make the box, after the above order had been given, and he was making the box without further instructions; that appellee selected the time to make the box, and selected the saw for ripping the boards for it without any other direction from the foreman; that he could read, and had a fair education, but knew nothing about saw guards, did not see the guard for this saw, and, while he saw the blackboard, on which the foregoing notice was printed, he could not read it because the same was covered with dust. Evidence was given by appellant to the effect that the notice was not obscured by dust when the accident occurred, and that one working at the saw would necessarily face the notice, and see it; also that appellee was never employed to do sawing, but only for tool dressing, and that nothing had ever been said to him by the foreman about making a tool box, and that the foreman had no knowledge that appellee ever did any work on this saw.

The trial court refused to give the following instruction requested by appellant: "If the jury find from the evidence that the saw at which the plaintiff was injured was in daily and almost constant use in ripping, grooving and rabbeting boards and timber, and that it was practicable to guard said saw when the same was being used for ripping boards or timber, but impracticable to guard said saw when the same was being used for grooving or rabbeting boards or timber; that at the time plaintiff was injured, he was using the saw for ripping a board; that defendant had placed a guard which was sufficient to guard said saw when it was being used for ripping boards or timber upon the wall near said saw, and within reach

of a person using said saw; that defendant had placed a sign near said saw and within plain view of a person using said saw, forbidding the use of said saw by an employe without using said guard, and plaintiff with knowledge of said guard upon said wall and the contents of said sign, used said saw without using said guard and that if he had used said guard he would not have been injured, then I instruct you that plaintiff was guilty of contributory negligence and cannot recover." The instruction should have been given. While the statute under which this action was brought (Acts 1899 p. 231, §8029 Burns 1914), eliminates the doctrine of assumed risk, it does not, like the act of 1907, for the protection of common-carrier employes, absolve the employe from the operation of the law of contributory negligence. Acts 1907 p. 186, §5278 *et seq.* Burns 1914; *Indiana Union Traction Co.* v. *Abrams* (1913), 180 Ind. 54, 101 N. E. 1.

Appellee seeks to meet appellant's criticism of the court's action on this instruction by asserting that it is the duty of the master under all circumstances and conditions, not only to provide the guard, but also to adjust it, and cites *Baltimore, etc., R. Co.* v. *Cavanaugh* (1905), 35 Ind. App. 32, 71 N. E. 239, wherein it was said it is the employer's, and not the employe's duty to guard the machine. This declaration is explained in *Pinnell* v. *Cutsinger* (1909), 44 Ind. App. 419, 89 N. E. 493. It cannot be said with accuracy that the case of *Baltimore, etc., R. Co.* v. *Cavanaugh, supra,* decides that the master's duty is as comprehensive as claimed by appellee, but in view of the conclusion reached by us, it is not necessary to determine that question here, for, conceding that it was appellant's duty not only to furnish, but also to adjust the guard, it must be held that, under the facts assumed in the instruction, appellee was guilty of contributory negligence in violating the rule embodied in the printed notice. In *Neigel* v. *Crandall Oil, etc., Mfg. Co.* (1910), 141 App. Div. 828, 126 N. Y. Supp.

720, it was said by the court: "to say that a man can knowingly disregard a rule adopted for his safety, and charge the master for an injury growing directly out of the violation of that rule, is to hold a degree of liability which no adjudicated case has ever asserted so far as we can discover; it would certainly violate every normal conception of justice." It appears that such doctrine meets with universal approval. *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 542, 87 N. E. 723; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060; note to *Southern R. Co.* v. *Johnson* (1910), Ann. Cas. 1912 A 84; note to *Harris* v. *London St. R. Co.* (1907), 10 Ann. Cas. 152.

The facts assumed in the instruction show that appellee knowingly violated a reasonable rule of appellant, adopted for the protection of its employes, and that the injury was proximately caused by such violation, and, as a consequence, it must be held that the refusal to give the instruction constituted reversible error unless the record affirmatively shows that such error was harmless. We cannot say that appellant was not harmed, because there was some evidence given from which each fact assumed in the instruction might have been found by the jury.

Many other questions are presented in appellant's brief, but as they are not likely to arise on another trial of the cause, we do not consider them. Judgment reversed, with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 103 N. E. 401. As to employe's right of action for employer's violation of statutory duty as to guards about machinery, see 9 L. R. A. (N. S.) 381. As to servant's disobedience of master's rules as contributory negligence, see 24 L. R. A. 657. For a collection of authorities on the duty of the servant in regard to the rules promulgated by his employer, see 43 L. R. A. 350. As to the liability of a master to his servant for injuries by a saw operated by machinery, see Ann. Cas. 1913 C 125. As to the duty of master to furnish servant safe appliances and machinery to work with, see 34 Am. Rep. 621; 54 Am. Rep. 729; 57 Am. Rep. 727. See, also, under (1) 26 Cyc. 1392; (2) 31 Cyc. 84; (3) 31 Cyc. 288; (4) 26 Cyc. 1180; (5) 26 Cyc. 1507; (6) 26 Cyc. 1229, 1180.