## INDIANA MANUFACTURING CO. v. WELLS, BY NEXT FRIEND.

### [No. 4,462.    Filed October 13, 1903.]

**MASTER AND SERVANT.**—*Personal Injuries.*—*Action by Minor.*—*Complaint.*—In an action for personal injuries sustained by plaintiff while operating certain machinery of defendant, averments that plaintiff "was fifteen years old, inexperienced in mechanical labor, and incapable and incompetent to judge of the danger incident to the operation of such machinery," do not supply the place of an averment of negligent failure to instruct plaintiff in the use of the machinery. *pp. 460, 461.*

**SAME.**—*Factory Act.*—*Failure to Guard Machinery.*—*Negligence.*—Under §9 of the factory act of 1899 (Acts 1899, p. 231), an averment that defendant failed to guard properly his machinery is a sufficient charge of negligence. *p. 462.*

**SAME.**—*Factory Act.*—*Failure to Provide Belt-shifters.*—Under the factory act of 1899, the mere failure to provide belt-shifters does not create a liability, the liability for such failure arises when the inspector's order to furnish them has not been complied with. *p. 462.*

**SAME.**—*Failure of Master to Guard Machinery.*—*Common Law Liability.*—In an action for personal injuries alleged to have been caused by the negligent failure of the master to guard dangerous machinery and to provide belt-shifters, a complaint which fails to allege plaintiff's want of knowledge of the condition of the machinery and the dangers resulting therefrom does not state a cause of action under the common law. *p. 463.*

From Miami Circuit Court; *J. T. Cox*, Judge.

Action by Carl H. Wells, by next friend, against the Indiana Manufacturing Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. C. Blacklidge, C. C. Shirley, Conrad Wolf* and *N. N. Antrim,* for appellant.

*John Stapleton* and *F. D. Butler,* for appellee.

ROBINSON, C. J.—Appellee recovered a judgment for a personal injury received while operating a machine in appellant's factory. He avers in his complaint that he is fifteen years of age, inexperienced in mechanical labor and the construction and operation of machinery, and in-

competent to judge of the danger incident thereto, which appellant knew; that he was put to work at a machine containing two sets of sharp steel knives or bits which were attached to shafting with belt and pulley attachment, and which were made to revolve with great force and rapidity by steam, over which appellee had no control; that by reason of its construction and gearing the machine was of a dangerous character when in operation; that a part of the duty required of him by appellant was frequently to oil certain parts of the machine; that appellant had negligently and carelessly constructed and placed the machine in such position that, in order to oil it, appellee was compelled to and did reach over the revolving knives across to the opposite side and under the platform while the machine was running; and that appellant had "negligently, wrongfully, and unlawfully failed and neglected to furnish and supply or cause to be furnished and supplied, in connection with said machine, belt-shifters or other mechanical contrivances for the purpose of throwing on or off the belts or pulleys, and thereby stopping the movement and action of said knives, chisels, and bits of said machine, and properly to safeguard, or to place any safeguards whatever about said knives, chisels, and bits;" that while working with the machine, and attempting to oil the same, as above stated, his hand came in contact with the knives, whereby he was injured.

The pleading contains no charge of negligence in failing to instruct appellee how to operate the machine and avoid danger. The averments that appellee was fifteen years old, inexperienced in mechanical labor, and incapable and incompetent to judge of the danger incident to the operation of such machinery, do not supply the place of an averment of negligent failure to instruct appellee in the use of the machinery. The presumption that appellant did its duty, and did instruct him, is of equal weight with the presumption that it did not instruct him. From

the facts averred the inference does not necessarily follow that appellant negligently failed to instruct appellee. The pleading does not present any issue of negligence because of failure of appellant to instruct appellee in the use of the machinery.

The complaint charges as acts of negligence, failure to provide belt-shifters for dangerous machinery, and failure properly to guard the machinery. The action seems to be founded upon §9 of the factory act in force April 27, 1899 (Acts 1899, p. 231, §7087i Burns 1901). That act makes it the duty of the owner of a manufacturing establishment "to furnish and supply, or cause to be furnished and supplied therein, in the discretion of the chief inspector, where machinery is used, belt-shifters or other safe mechanical contrivances for the purpose of throwing on or off belts or pulleys; and whenever possible, machinery therein shall be provided with loose pulleys; all vats, pans, saws, planers, cogs, gearing, belting, shafting, set screws and machinery of every description therein shall be properly guarded." This statute characterizes certain machinery as dangerous, and requires of the employer a certain specific duty. The failure to perform that duty is negligence. The averment that appellant failed properly to guard the machinery charges the omission of a statutory duty, and is, under the statute, a sufficient charge of negligence. *Buehner Chair Co.* v. *Feulner,* 28 Ind. App. 479; *Monteith* v. *Kokomo, etc., Co.,* 159 Ind. 149, 58 L. R. A. 944.

The statute provides that certain machinery shall be properly guarded. It does not provide absolutely that belt-shifters shall be supplied, but that they shall be supplied "in the discretion of the chief inspector." There is no authority for saying that these words of the statute are meaningless, and may be ignored in its construction. The mere failure to provide belt-shifters does not create a statutory liability, but liability under the statute arises when the in-

spector's order to furnish them has not been complied with. *Knisley* v. *Pratt,* 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367. The doctrine in this case was in part disapproved in *Monteith* v. *Kokomo, etc., Co., supra,* but not upon the above point.

Nor does the complaint, in the above particulars, show a common law liability. In pleading the statutory liability it would not be necessary to aver that appellee had no knowledge of the unguarded condition of the machinery and of the absence of a belt-shifter and the dangers resulting therefrom. An averment of failure to perform the statutory duty is sufficient. *Monteith* v. *Kokomo, etc., Co., supra.* But in pleading the employer's neglect of a common law duty such averments are necessary. If the machinery was not properly guarded, and there was no belt-shifter, and it was dangerous to operate the machine in that condition, and appellee knew these facts, he assumed the risk. To show a liability at common law, want of knowledge must be averred and proved. The trial court, in the instructions to the jury, proceeded upon the theory that the pleadings stated a cause of action under the statute and at common law, but did not keep in view the distinction between neglect of a common law duty and the neglect of a specific statutory duty. The instructions as to the common law liability say nothing as to appellee's knowledge concerning these omissions and the dangers resulting therefrom.

The motion for a new trial should have been sustained. Judgment reversed.