## Indiana Quarries Company *v.* Smallwood.

### [No. 9,034.   Filed May 16, 1916.]

1   Master and Servant.—*Injury to Servant.—Complaint.—Sufficiency.*—The allegation in a complaint for injuries to plaintiff, while operating a pump for defendant, that plaintiff while in the line of his duty and while in the employ of appellant attempted to remove the top of an oil cup for the purpose of refilling same with oil, and that while so doing and while in the exercise of due care and caution plaintiff's hand was caught in unguarded cogs, etc., together with other allegations with reference to plaintiff's employment to operate the pump, and that in the operation of such pump it was necessary to remove the top of the oil cup from time to time to refill such cup, sufficiently showed that plaintiff was acting in the line of his duty when injured.   pp. 34, 35.

2.   Pleading.—*Complaint.—Test of Sufficiency.*—The sufficiency of a complaint is not to be determined by a single isolated allegation, but it must be tested in the light of all the averments that are well pleaded.   p. 35.

3.   Master and Servant.—*Guarding Dangerous Machinery.— Factory Inspector.*—The complaint in an action under §8029 Burns 1914, Acts 1899 p. 231, for injuries to a servant by contact with unguarded cogs, was not insufficient for failure to allege that the chief factory inspector had ordered a guard to be placed over such cogs, since that portion of the statute having to do with the inspector relates only to belt shifters or any other safe devices for the purpose of throwing on or off belts and pulleys.   p. 35.

4.   Appeal.—*Review.—Evidence.—Sufficiency.*—Where there was some evidence to support the verdict, it could not be disturbed on the ground of insufficient evidence, although the evidence was conflicting in some respects.   p. 36.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Action by Enoch Smallwood against the Indiana Quarries Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Underwood & Underwood,* for appellant.
*Albert J. Fields,* for appellee.

Ibach, C. J.—This is an action by appellee to recover damages for personal injuries alleged to have been caused by appellant's negligence.   The

trial resulted in a judgment for appellee for $2,500. The errors relied on for reversal are the overruling of the demurrer to the complaint, and the overruling of the motion for a new trial.

Appellant owns and operates a stone quarry and stone mill in Lawrence County, Indiana. On April 29, 1913, and for some time prior, it conveyed the water which is used in the operation of its mill from a near-by creek, by means of a large pump, which appellee was employed to, and did, operate. The complaint avers also that the pump was propelled by means of a belt from an electric motor to a pulley on said pump operating cogwheels meshing with each other. Two of the cogs operating the pump meshed together at the front side of the pump near which point of meshing was an oil cup for the purpose of feeding oil to the wearing parts of the pump. The oil cup was within two or three inches of the point where the cogs meshed together, and in the operation of the pump it was necessary to remove the top of the oil cup from time to time and refill said cup. The negligence charged is the failure to perform a duty required by statute to guard the cogs and it is charged that the injury occurred on account of the failure to guard such portions of the machinery, and while appellee was attempting to unscrew the top of the oil cup his hand was caught in the unguarded cogs and three fingers were severed.

1. Although appellant in effect concedes that the complaint proceeds upon the theory of an alleged violation of §8029 Burns 1914, Acts 1899 p. 231, of what is generally known as the "Factory Act", it is contended that the allegation "while in the line of his duty and while in the employ of appellant, and about the hour of 11 o'clock p. m., attempted to remove the top of said

oil cup for the purpose of refilling the same with oil and while so doing and while in the exercises of due care and caution to avoid injury his hand was caught in said unguarded and unprotected cogs," etc., is insufficient for an allegation that it was his duty to oil the cogs or to work in close proximity thereto

The sufficiency of the complaint is not to be determined from a single isolated allegation, but it must be tested in the light of all the averments that are well pleaded, and when the quoted averment is considered in connection with the further allegations with reference to his employment to operate the pump, and that "in the operation of said pump it was necessary to remove the top of said oil cup from time to time and refill said cup", they sufficiently show that appellee was operating the pump when oiling it, and was therefore acting in the line of his duty when injured. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *I. F. Force Handle Co.* v. *Hisey* (1913), 52 Ind. App. 235, 96 N. E. 643.

Neither is the pleading insufficient because there is no allegation that the chief inspector had ordered a guard to be placed over the cogwheels or between the cogwheels and the oil cup. The statute is not subject to this construction. The portion of the act which has to do with the inspector relates only to belt shifters or any other safe devices for the purpose of throwing on or off belts and pulleys. *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 88 N. E. 69; *Indiana Mfg. Co.* v. *Wells* (1903), 31 Ind. App. 460, 68 N. E. 319. Any other conclusion, it seems to us, would result in nullifying the entire statute. We do not believe that the legislature could have

intended to relieve the master using such dangerous machinery as is described in the act, §8029 Burns 1914, *supra*, without necessary guards, until the chief factory inspector had made an inspection of all the factories in the State which came within its provisions and had ordered all dangerous machinery guarded.

Appellant insists also that the verdict is not sustained by the evidence; that the evidence fails to show appellee was an employe of appellant at the time of the injury; and, if it did show that he was an employe, then it shows that he was guilty of contributory negligence. No good purpose can come from setting forth all the evidence produced at the trial. It is sufficient to say that there is positive evidence to the effect that appellant was employed to run the "Salt Creek pump" of appellant, and that his employment covered either day or night work as he should be assigned. Appellee, also testifies that it was his duty to operate the pump when he went on duty until he was relieved. There is evidence also tending to show that the pump was operated during twenty-four hours each day and night by appellee and Russell Smallwood, and that they arranged their working hours between themselves, so that each worked twelve hours, and on the night of the injury the order to appellee to run the pump came to him through the usual and ordinary course from those in charge of the works, and that he proceeded to operate the pump in compliance with that order. There is also evidence to show that appellee when injured was operating the pump in the usual way; that it was necessary to keep the pump well oiled and in so doing he followed the method employed by other employes while engaged in the same work; that it was necessary to use waste

or a glove to remove the top of the oil cup. All the witnesses agree that a guard could have been placed over the cogs, or between them and the oil cup, without interfering with the proper operation of the machinery, and that the failure to guard the cogs was the proximate cause of the injury. While there is some conflict as to some portions of this evidence, its weight was for the jury. We conclude that there was some evidence to sustain the material averments of the complaint, and as there is no evidence which tends to show appellee guilty of contributory negligence, the motion for a new trial was properly overruled. Judgment affirmed.

NOTE.—Reported in 112 N. E. 549. Duty of master to servant, 75 Am. St. 591. Employe's right of action for employer's violation of statutory duty as to guards about dangerous machinery, 9 L. R. A. (N. S.) 381.